JESSE W. WILSON v. THE STATE.

Matter of objection to the copy of a *scire facias* served on a defendant, should be pleaded in abatement, and the copy set out or exhibited.

A recognizance taken under the Code of Criminal Procedure, describing the alleged offence as "an assault with intent to *kill*," shows that the defendant is accused of an *offence*.

There is no offence known by the name of an assault with intent to *kill*, yet such a description includes the offence of an *assault*, and the "intent to kill" may be rejected as surplusage.

ERROR from Walker. Tried below before the Hon. Peter W. Gray.

John P. Wilson was indicted for an assault with intent to kill and murder one Andrew J. Edwards. On the 2d day of May, 1857, he entered into recognizance in the District Court for his appearance to answer the indictment, with the plaintiff in error, and others, as his sureties, in which the offence was described as an assault with intent to kill. A forfeiture was taken on the recognizance on the 30th day of October, 1857, and a judgment nisi rendered.

A *scire facias* was issued on the 23d day of February, 1858, to the parties to the recognizance, to show cause why the judgment shall not be made final, and execution issue against each of them for the amount for which they were respectively bound. The original writ recited the default of John P. Wilson and his sureties to appear in court on being called; the conditions of the

recognizance entered into as aforesaid, (describing the charge in the indictment as an assault with intent to murder,) and the judgment rendered by the court against the principal and sureties. The defendant, Jesse W. Wilson, appeared and answered to the *scire facias* as follows:

"And now comes Jesse W. Wilson, one of the defendants in the above entitled cause, and before answering says that the *scire facias* served on him in said cause is insufficient in law, and of this he asks judgment."

No copy of the *scire facias* was set out nor referred to by the defendant, Jesse W. Wilson. The exception was overruled, and the judgment *nisi* made final.

*A. P. Wiley,* for the plaintiff in error.

*Attorney-General,* for the defendant in error.

ROBERTS, J.—The exception of one of the sureties, Jesse W. Wilson, is that "the *scire facias* served on him in said cause is insufficient in law." The objection seems to be directed rather to the copy of the *scire facias* served on him than to the original, which is contained in the transcript. In this point of view the matter should have been pleaded in abatement, so that its defects, if any, could have been judged of by the court.

If intended as an exception to the original *scire facias*, it was correctly overruled. For that which is contained in the transcript appears to be formal in every respect, and presents on its face a good cause of action.

The overruling of this exception is the only error assigned, and the surety making this exception is the only party who files a petition for a writ of error in this case. The error assigned then not being available, the judgment must stand, unless the recognizance is so defective that it will not constitute a cause of action. The condition of the recognizance is that "the said John P. Wilson (defendant in the indictment charging him with an assault with intent to murder,) shall make his personal appearance before the District Court of Walker county, now in session, there to re-

main from day to day and from term to term, to answer the State of Texas upon a charge contained in an indictment for an assault with intent to kill, and not depart thence without leave of said court." This recognizance was taken on the 2d day of May, 1857, which was after the Code went into operation.

Some of the requisites of a good recognizance under the Code are: "2. That it state the name of the offence with which the defendant is charged;" and, "3. That it appear by the recognizance that the defendant is accused of an offence against the laws of this State." (Art. 263, Code Crim. Pro.) It sufficiently appears by this recognizance that the defendant is accused of an offence, if the words "assault with intent to kill" sufficiently state the name of an offence against the laws of this State. There is no offence known by this name, if all the parts of the expression are regarded. There is none such defined, and none such to which a punishment is affixed. There is an assault with intent to murder, and the like, and to each of them thus named there is attached a punishment. Still it cannot be said that this description does not sufficiently indicate the name of an offence against the laws of this State. The expression includes an assault at least, and if the balance of the description, "with intent to kill," does not properly indicate the offence known as "an assault with intent to murder," it may be rejected as surplusage, or treated as an allegation of a fact in aggravation of the assault. (Rogers v. The Com., 5 Serg. & R., 463; Stout v. Com., 11 Serg. & R., 177.) If the party was charged with an assault, it does not any the less make it the offence designated by the name of *assault*, by adding what may not change its character, the intent to kill. Because the intent charged is in harmony with, and not inconsistent with, the offence charged.

This is not a case where the accusation, as described, cannot amount to any offence against the law; as where a person is charged with "having stolen goods in possession," or with "gaming." (Daily *et als.* v. The State, 4 Tex. R., 419.; The State v. Cotton, 6 Tex. R., 426.) The description certainly does include an assault.

Judgment affirmed.