## WILLIAM LONG v. THE STATE.

An " assault with intent to kill " is not an offense under our criminal law. A verdict, therefore, convicting a party of an " assault with intent to kill " is nugatory, and will not support a judgment founded thereon. Though the word " murder " may have been omitted from the verdict by mere inadvertence, yet it cannot be supplied by the court.

APPEAL from Tyler. Tried below before the Hon. H. C. Pedigo.

The opinion of the court sufficiently discloses the case.

*Pickett & Rock*, for the appellant.—The offense found, "an assault with intent to kill," is not an offense under our criminal law. An assault with intent to murder is an offense. (Paschal's Digest, article 2155.) But an assault with intent to kill is not an offense. There is no punishment affixed by our law to such an act.

The indictment is for an assault with an intent to murder. There is a difference between an intent to kill and an intent to murder. The former may exist where the party intends only such killing as amounts to manslaughter, or even to justifiable homicide. (People v. Shaw, 6 Parker, 327; The State v. Nichols, 8 Conn., 496; Nancy v. The State, 6 Ala., 483; Bishop on Criminal Law, § 515, note 3; 8 Alabama, 313; Arch. Crim. Plead., 260, note 1.)

The most that can be said of this verdict is that it is a conviction for an aggravated assault. A charge that the defendant shot at T. with a pistol, with an intent to kill, constitutes an aggravated assault. (The State v. Lutterloh, 22 Texas, 213; Paschal's Digest, article 2150, note 663.)

Such being the effect of this verdict, if it has any effect at all, the punishment assessed, two years' confinement in the penitentiary, is without any warrant of law to support it; and this, of course, makes the judgment rendered erroneous. (Paschal's Digest, article 2153.)

*Wm. Alexander*, Attorney General, for the State.

EVANS, P. J.—The appellant Long was indicted, under article 2155, Paschal's Digest, for an assault to kill and murder.

The verdict of the jury was in the following words: "We, the

jury, find the defendant guilty of an assault with intent to kill, and assess his punishment at two years' confinement in the penitentiary."

This verdict is manifestly erroneous and will not support the judgment. "An assault with intent to kill" is not an offense under our criminal law.

The jury probably omitted, through inadvertence, the word "murder" in their verdict; but the court cannot supply the defect.

The judgment is therefore reversed and the cause remanded.

Reversed and remanded.