## A. Sheffield *v.* The State.

1. Assault with Intent to Murder.—When the question is whether an assault with a deadly weapon has been proved, and the weapon is one which might or might not be dangerous to life, according to the manner of its use, the question is one for the jury, under proper instruction by the court.

2. Same—Verdict.—On a trial for assault with intent to murder, the jury found a verdict of guilty of an "assault with intent to kill." *Held*, that the verdict is not responsive to the charge, and will not support a judgment of conviction for an assault with intent to murder.  Under our Code there is no such offense as assault with intent to kill.

Appeal from the District Court of Falls.  Tried below before the Hon. X. B. Saunders.

The facts are sufficiently stated in the opinion.

*Herring, Anderson & Kelley*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Ector, Presiding Judge.  The appellant was convicted of an assault with intent to murder one General Bradshaw, and his punishment assessed at four years' confinement in

the penitentiary. Appellant was, at the time of the assault, in jail; he and a party named Fisher were confined in the "cage." The other prisoners were in the room outside of the cage, and among the latter was Bradshaw, who had been cursing appellant and Fisher. Fisher and appellant were let out of the cage soon after the cursing, when appellant struck Bradshaw on the head with a pair of scissors about six inches long, inflicting a slight wound. Bradshaw testified that the blow did not hurt him much. The scissors are described by the jailer as a common cast-iron pair, with the points sharp as they usually are, except that the points were worn, and one point was broken off; "that the scissors might be called a blunt sharp-pointed pair of scissors."

The court charged the jury in the 4th instruction given: "If the jury believe from the evidence that, while Bradshaw was sweeping out the jail, Sheffield struck him in the head with a pair of scissors with a blade six inches long, under the influence of anger, with the intent to injure him, then, had death resulted to Bradshaw from the blow, Sheffield would have been guilty of murder." This charge was erroneous, and well calculated to mislead the jury. A deadly weapon, says Mr. Bishop, is one likely to produce death, or great bodily injury. Whether an instrument is a deadly weapon depends very much upon the character and nature of the weapon and the manner of using it. In cases of homicide, if the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless from the manner in which it was used such intention evidently appears.

When the question is whether an assault with a dangerous weapon has been proved, and the weapon might be dangerous to life or not, according to the manner in which it was used, or according to the part of the body attempted to be struck, we think, under proper instructions, it should be

left to the jury whether the assault, if committed, was with a deadly weapon. *Skidmore* v. *The State*, 43 Texas, 96; *Shadle* v. *The State*, 34 Texas, 572; *Pinson* v. *The State*, 23 Texas, 582.

The only other remaining point we will notice is the verdict of the jury, which, as shown by the transcript, is as follows: " We, the jury, find the defendant guilty of an assault with intent to kill, and assess his punishment in confinement at the state penitentiary for four years. W. S. Clark, foreman."

In the case of *Wilson* v. *The State*, 25 Texas, 171, the court say: "There is no offense by this name" (an assault with intent to kill) " if all the parts of the expression are regarded. There is none such defined, and none such to which a punishment is affixed. There is an assault with intent to *murder*, and the like, and to each of them thus named there is attached a punishment. Still, it cannot be said that this description does not sufficiently indicate the name of an offense against the laws of this state. The expression includes an assault, at least, and if the balance of the description, ' with intent to kill,' does not properly indicate the offense known as ' an assault with intent to murder,' it may be rejected as surplusage, or treated as an allegation of a fact in aggravation of the assault.  *  *  * The description certainly does include an assault."

In the case of *Long* v. *The State*, 34 Texas, 566, the defendant was indicted for an assault to murder. The verdict of the jury was in the following words: "We, the jury, find the defendant guilty of assault with intent to kill, and assess his punishment at two years' confinement in the penitentiary." The court say: "This verdict is manifestly erroneous, and will not support the judgment. ' An assault with intent to kill' is not an offense under our criminal law."

The verdict of the jury is not responsive to the charge, and will not support the judgment. For the errors herein referred to, the judgment of the district court is reversed and the cause remanded.

*Reversed and remanded.*