## W. E. H. WILLS *et al.* v. THE STATE.

.1. RECOGNIZANCE. — "Assault to murder" is, in a recognizance, a sufficient designation of the offense of assault with intent to murder.

2. FINAL JUDGMENT — Writ of error lies only to a final judgment; and, in an action against joint defendants, such a judgment makes a final dis-

position of the case as to every defendant against whom the suit is pending when the judgment is rendered. It is error, therefore, in such a case, to ignore an unserved defendant and render judgment final against those served with process.

3. Same — Case Stated. — *Scire facias* on judgment *nisi* against six cognizors was served on all but one, and, without discontinuance or abatement of the suit as to him, judgment final by default was rendered against the five served. *Held*, error.

4. County Courts. — It being settled that *scire facias* proceedings on forfeited recognizances and bail-bonds are criminal cases, the County Courts have no power, at their civil terms, to adjudicate in such cases.

5. Same — Practice. — This court takes cognizance of the terms of the County Courts provided for by the statute; but if a County Court has, in accordance with the statute, changed the time of holding its criminal terms, and the change affects the validity of a judgment appealed to this court, the transcript should show the change so made.

ERROR from the County Court of Van Zandt. Tried below before the Hon. C. W. RAINES.

The opinion states the case.

*Kearbys & Allen*, for the plaintiffs in error.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. This is a writ of error from a judgment final rendered in the County Court of Van Zandt County, on March 23, 1877, on a forfeited recognizance.

Three errors are relied upon for a reversal, which may be concisely stated as follows, viz. :

1. The recognizance states no offense against the laws of this state.

2. The judgment is not final, because one of the sureties in the recognizance was not served with *scire facias;* did not waive or accept service, and a judgment was rendered against the other cognizors, without a judgment of dismissal and discontinuance as to the unserved surety.

3. The judgment was not rendered at the criminal, but

at and during the civil term of the County Court, and is, consequently, void.

As to the first proposition, we find the offense, as stated in the recognizance, set forth in these words : " Then and there to answer the state of Texas, upon a charge preferred against him by bill of indictment for an assault to murder John A. O'Neal." It is contended that " an assault to murder " is no offense against the laws of this state (Pasc. Dig., art. 2731), and that it cannot be held to state the offense of " an assault with intent to murder," which is provided for in article 493 of the Penal Code. Pasc. Dig. art. 2155. The objection is not well taken, for, as set out in the recognizance, an offense is named, and it does appear that the defendant is accused of an offense against the laws of this state. *Wilson* v. *The State*, 25 Texas, 169 ; *Stapp* v. *The State*, 3 Texas Ct. App. 138.

With regard to the second ground of error, it appears that John Pinkston, the party indicted, on June 28, 1874, entered into the recognizance in the District Court, as principal, with W. E. H. Wills, C. W. Ball, D. W. Snow, T. W. Daniels, and W. J. White as his sureties. Upon his non-appearance at the time and court specified, the recognizance was forfeited, and judgment *nisi* against principal and sureties regularly rendered. After the adjournment of the court, writs of *scire facias* were issued for each of the sureties, as provided by the statute. Pasc. Dig., art. 2881. These writs were duly returned served, by the sheriff, as to all of the parties, " except W. J. White, who is not to be found." This was on February 22, 1875. It nowhere appears that *alias* writs of *scire facias* were ever afterwards issued, or served upon the said White. No further action was had in the District Court until September 13, 1876, when, in conformity with the change in our Constitution and laws, that court transferred the case, for final disposition, to the County Court. In this latter court, final judg-

ment was rendered on March 23, 1877, as stated above. This judgment was against " John Pinkston, principal, and W. E. H. Wills, C. W. Ball, D. W. Snow, and T. W. Daniels as sureties." No judgment was taken against the surety White, nor was the action dismissed or discontinued as to him. It was error not to dispose of the case with regard to this party. To all intents and purposes, so far as we are now advised, it is still pending against him in the lower court, awaiting further action there. Now, " it is plainly and positively declared by statute that there shall be but one final judgment in any case (Pasc. Dig., arts. 1448, 1450), and writs of error can be prosecuted to this court only on the final judgment of the District (and County) Courts. Evidently, a judgment of those courts is not final unless there is an adjudication by the court in respect to all the parties against whom there is a joint cause of action and prayer for relief disclosed in the petition." *Rhone* v. *Ellis*, 30 Texas, 30. See *Lay* v. *Ballinger*, from Caldwell County, decided by this court at the Austin term, 1877.

3. The judgment final was rendered in the County Court, on March 23, 1877.

Now, the Constitution provides that " the County Court shall hold a term for civil business at least once in every two months, and shall dispose of probate business either in term time or vacation, as may be provided by law; and said court shall hold a term for criminal business once in every month, as may be provided by law." Const., art. 5, sec. 17. The second section of an " act to organize the County Courts, and define their powers and jurisdiction" (Gen. Laws Fifteenth Legislature, 17), provides as follows: " And there shall be begun and holden, at the court-house of the respective counties throughout the state, a term of the County Court, for civil and probate business, on the third Monday in January, March, May, July, Sep-

tember, and November, and a term for criminal business *on the first Monday in every month.*'' The statute then makes provision for a change in the times of holding the courts as above provided. There is nothing in this record showing that the County Court of Van Zandt County ever changed the times of the terms of court as they were originally fixed by the statute quoted.

The judgment, having been rendered on March 23d, must have been rendered during a session of the court for " civil business." If so, the judgment is void. In *Cassaday* et al. v. *The State*, decided by this court at the Austin term, 1878 (*ante*, p. 96), it was said: " A suit on a forfeited recognizance (or bail-bond) conditioned for a party's appearance to answer an indictment, it has been held, is not a civil action." *Conner* v. *County Commissioners*, 8 Serg. & R. 151. It is said to be of a criminal nature. *Gay* v. *The State*, 20 Texas, 504. If a criminal case — and such is the opinion of the Supreme Court and of this court — then a judgment in the County Court during a term for civil business was *coram non judice*, and void. See, also, *Robbin* v. *Lewis & Hurst*, decided by this court at Austin, June 15, 1878 ; 2 Texas L. J., No. 8, p. 121.

For the second and third errors, as set out above, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*