## W. ROBINSON AND OTHERS *v.* THE STATE.

1. BAIL BOND described the offense as an "assault with intent to rob." It is urged that this expression designates no offense under the law of this State, because not tantamount to "assault with intent to commit the offense of robbery." But *held* that the designation used in the bond is correct.

2. INTERPRETATION OF THE CODES.—Article 3 of the Revised Penal Code amends the corresponding article of the original Code, and permits an act or omission to be "made a penal offense" without being "expressly defined."

3. ROBBERY AND ASSAULT WITH INTENT TO ROB are offenses specifically known to and defined by the Penal Code.

4. PRACTICE IN THE COURT OF APPEALS.— If the final judgment on a forfeited bail bond be erroneous by reason of repugnancy between it and the judgment *nisi,* the error could be corrected on appeal, without remanding the case to the court below.

APPEAL from the District Court of Burleson. Tried below before the Hon. I. B. McFARLAND.

The opinion sufficiently indicates the matters involved in the rulings.

*E. L. Antony,* for the appellants. The court erred in overruling the objection of defendants to the sufficiency of the bail bond herein and their motion to quash and dismiss; because the bail bond does not distinctly name any offense known to the laws of the State of Texas.

The bail bond must not only name the offense of which the defendant is accused, but must also name an offense known to the law.

Bail bond names "assault with intent to rob." There is no such offense known to the law of Texas. The words "to rob," not being known to law, express no legal idea. They are like "to kill" in "assault with intent to kill," and do not mean anything. There is mentioned in the law what purports to be an offense of "assaulting another with the intent to commit the offense of

robbery;" but when we examine to see what the "offense of robbery" is, we find that there is no such offense known to the law by distinctive name of "robbery," but that "robbery" is but the name or title of a chapter in our Penal Code which treats of two offenses, and is but a generic name for a class of offenses, and the word "robbery" is not used in any statute defining an offense. So that, sifting it down, there is no offense known to the law named in the bail bond, unless it be a simple assault, which is below the jurisdiction of the District Court; and this makes the bond a nullity.

If there is no distinctive name given by statute to a defined offense, a reasonably certain description of the offense must be given; or, if a generic term be used, a reasonably certain description of the ingredients of the offense must also be stated, to tell what is meant. If this be true, there is no offense known to the law named in this bond, and it is therefore defective and void. Rev. Code Crim. Proc. art. 288, subdiv. 3; Rev. Penal Code, arts. 504, 722, 723; 4 Texas, 417; 6 Texas, 425; 7 Texas, 547; 8 Texas, 173; 19 Texas, 293; 20 Texas, 493; Id. 497; Id. 505; 25 Texas, 171; 26 Texas, 111; 27 Texas, 610; 30 Texas, 163; Id. 353; 31 Texas, 168; Id. 205; 32 Texas, 368; Id. 600; Id. 652; 33 Texas, 179; 34 Texas, 147; 43 Texas, 549; Id. 602; 44 Texas, 112; Id. 274; 1 Texas Ct. App. 58; Id. 640; 2 Texas Ct. App. 7; 3 Texas Ct. App. 522; Id. 681; 4 Texas Ct. App. 435; Id. 554, 557; Id. 580; 6 Texas Ct. App. 460; 7 Texas Ct. App. 28; Id. 55; 8 Texas Ct. App. 671; 9 Texas Ct. App. 465.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J. As stated both in the indictment and bail bond, the offense charged is alleged to be "an assault with intent to rob." It is insisted that this charges no offense against the laws of the State, and hence the judg-

ment final on the forfeited bail bond is and was a nullity, and should be so declared by this court, and the prosecution be dismissed.

Two propositions are urged with great force and plausibility in the able brief of counsel for appellant. 1. That the offense of robbery is not defined in our Code *eo nomine.* 2. But should it be held otherwise, then "assault with intent to rob" is not synonymous with the statutory offense denominated and known in the Code as "an assault with intent to commit the offense of robbery."

It is expressly provided by statute that, "in order that the system of penal laws in force in this State may be complete within itself, and that no system of foreign laws, written or unwritten, may be appealed to, it is declared that no person shall be punished for any act or omission unless the same is made a penal offense and a penalty is affixed thereto by the written law of this State." Penal Code, art. 3. It is to be noted that there is a change in the language of this article and that as formerly used in art. 3, Penal Code of 1856. Under this latter article, the language was "no person shall be punished for any act or omission as a penal offense *unless the same be expressly defined* and the penalty affixed by the written law of this State." Pas. Dig. art. 1605. Now it is not necessary that the act be expressly defined if it has *been* "*made a penal offense*" by the Code. Clark's Crim. Law, p. 2, and note.

The offense of robbery, as known at common law, is as clearly defined in the following language as though it had been stated that the language was intended as the definition of robbery, viz.: "If any person by assault, or by violence and putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property, with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary not less than two nor more than ten

years." Penal Code, art. 722. But, over and beyond this, if it were necessary to do so we would be warranted in urging as an additional argument that this is a definition of robbery "*eo nomine,* because we find in the marginal note to art. 722 the expression "Robbery defined and punished;" showing what our codifiers thought was a proper construction of the statute, and this marginal note of theirs, declaring art. 722 to be a definition of robbery, was adopted as part and parcel of that article when the Revised Codes were adopted by the Legislature. So that we have not only the offense defined but also the declaration in the marginal note that the offense thus defined is "robbery." Not only so, but in numerous other statutes this offense is denominated and referred to as robbery; as, for instance, in "assault with intent to commit the offense of robbery" (Penal Code, art. 504), and in murder when it is committed in the perpetration or attempt at the perpetration of robbery (Penal Code, art. 606), and in other statutes wherein this offense is referred to solely by its name.

Our conclusion is that there is such an offense known to our law as robbery, and which has not only *been made penal* but which has also been defined in art. 722, *supra,* and so declared in the Revised Statutes, which are now the law of the land.

But, 2, it is said there is no such offense as "an assault with intent to rob," and consequently no offense is named in the forfeited bail bond.

The statute reads: "If any person shall assault another with intent to commit the offense of robbery he shall be punished by confinement in the penitentiary not less than two nor more than ten years." Penal Code, art. 504. This article is found in the chapter which treats "of assaults with intent to commit some other offense," and in the marginal note to this article it is called by our codifiers assault "with intent to rob." "Assault with intent

to rob" is what this offense was called at common law. Arch. Crim. Prac. & Pleading [8th Ed.], top p. 1311, side page 425. To our minds the expression "assault with intent to rob" is the proper one to designate the offense. To charge it as "an assault with intent to commit the offense of robbery" would be to charge a conclusion of law rather than the facts constituting an offense. Besides this, the expression "an assault with intent to rob" necessarily comprehends and embraces all that is meant by an assault with intent to commit the offense of robbery. And rob and robbery are synonymous in meaning. (See Webster's Dictionary.) There is no analogy between the charge in this case and a charge of "an assault with intent to kill," which latter has been held time and again to state no offense. *Sheffield* v. *State*, 1 Texas Ct. App. 640; *Lockwood* v. *State, id.* 749; *Wilson* v. *State,* 25 Texas, 171.

There is complaint made that the judgment as rendered is both a joint and several one, and consequently erroneous. The judgment *nisi* might perhaps be held obnoxious to such objection, but not so the judgment final; and if such error had been made to appear in the judgment final, this would not have necessitated a reversal, but this court would have reformed and corrected the judgment as the law and nature of the case required. Code Crim. Proc. art. 869. This we find no occasion to do.

We have been unable to see any such error in the record as demands a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*