## J. M. McGee and others *v.* The State.

1. Bail-Bond.— When the offense of which the principal obligor is accused is named in the bail-bond, and it appears therefrom that he is accused of an offense against the laws of this State, it is not necessary that the bond shall disclose the mode of the accusation,— *i. e.*, whether it is by indictment, information, or otherwise.

2. Same — Theft from a House.— Article 764 of the original Penal Code made theft from a house a felony irrespective of the value of the property taken, and as its penalty prescribed a penitentiary term of which the maximum was less than that prescribed for ordinary theft of property worth twenty dollars or more; but the repeal of that article in 1876 had no other effect than to subject theft from a house to the same punishment as that prescribed for ordinary theft. Since the repeal of said article, therefore, as well as prior thereto, a bail-bond designating theft from a house as the accusation against the principal offender conforms to the requirement that such a bond shall name an offense against the laws of this State.

3. Forfeiture.— If the court before which the principal obligor is bound to appear has no authority to require him to answer the charge against him, it has no power to adjudge a forfeiture of his bail-bond. See the opinion *in extenso* on this subject.

4. Case Overruled.— *Wilson* v. *State*, 25 Texas, 169, overruled in so far as it sustains the validity of a bail-bond which misstates the offense charged against the principal obligor.

Appeal from the District Court of McLennan.    Tried below before the Hon. L. C. Alexander.

The bail-bond is in the following language: "Know all men that we, Ed. Foster as principal, and J. M. McGhee, H. A. McGhee, and H. W. McGhee as sureties, acknowledge ourselves bound unto the State of Texas, the said principal in the sum of two hundred dollars, and the sureties in the sum of sixty-six 66-100 dollars each.

"The condition of the obligation is such that if the said Ed. Foster, principal, will make his personal appearance before the Honorable District Court for McLennan county, Texas, at the court-house thereof in the town of Waco, on the first Monday in May, A. D. 1876, and there

remain from day to day and term to term until discharged by due course of law, then and there to answer the State of Texas upon a charge by ——— for theft from a house, an offense against the penal laws of the State of Texas, this obligation to be null and void; otherwise to remain in full force and effect."

The forfeiture and judgment *nisi* were entered up in December, 1877, and at the Fall term, 1880, the sureties appeared and moved to quash the bond for reasons disclosed in the opinion of this court.

This cause was decided at the Tyler term, 1881, of the Court of Appeals, but failed to reach the Reporters with the other cases of that term.

*Clark & Dyer*, for the appellants.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J.   One Ed. Foster being indicted for theft from a house on the 28th day of April, 1876, entered into bond with appellants as his sureties.   Foster failing to appear and answer to the said indictment, his bond was, on the 21st day of December, 1877, declared forfeited, and judgment *nisi* entered thereon.

The parties, being cited, came on the 5th of November, 1880, and moved the court to quash the bond of their principal, and vacate all proceedings had thereunder, for the following reasons: 1. Because said bond is not payable to the State of Texas.   2. Because it does not appear from said bond that Ed. Foster is accused by indictment, information, or otherwise of any offense.   3. Because theft from a house is no offense known to the law.

This motion was by the court overruled, and final judgment rendered against the parties (the appellant failing to answer further).   The appellants excepted, and bring the cause to this court.   Appellants urge the second and third grounds in the motion for a reversal, waiving the first.

The objection to the bond contained in the second ground is, that it does not appear from said bond that Foster is accused by *indictment, information* or *otherwise* of any offense. This raises the question, is it under the wording of this bond necessary, in order to be sufficient, for it to appear how, in what manner, or by what authority, the principal is accused? The appellants insist that it is, and in support of the position cite *State* v. *Gordon,* 41 Texas, 510. We will quote from the opinion in that case all that we think bears upon the point: "The bail-bond required Thomas Gordon to answer the State of Texas on a charge against him by affidavit of Daniel Scurlock, setting forth the facts, of a theft of money. The bond neither gave the name of the offense with which he was charged as 'theft,' nor did it in any way show why such an affidavit made by Scurlock authorized the sheriff or any one else to take a bail-bond from Gordon, or that it was authorized by any court or tribunal having authority to require such bond. Nor does it appear therefrom that he had been legally accused of an offense, unless it had also been shown that some court had acted on it, for the arrest of Gordon, and he had been bound over to answer the charge therein contained. And all this would have been a very unnecessary circuity of expression to show, as it should have done, that he was required to answer to the State of Texas on a charge of theft.

"The Code of Criminal Procedure on this subject provides that the bond shall require the defendant to appear before the proper court to 'answer the accusation against him;' and in order that the accusation may be shown to be *such* as to *authorize* the bond, it is further prescribed 'that the offense of which the defendant is accused be *distinctly named* in the bond, and that it appear therefrom that he is accused of some offense against the laws of the State.'"

From the above we learn that if the offense is not

*named* in the bond, then it must appear how, in what manner, or by what authority the defendant is accused of an offense — whether by indictment, information, complaint or *mittimus* of an examining court. But if named, and it appears therefrom that he is accused of an offense, it would be unnecessary certainly to state the circumstances which authorize the bond. All that would be necessary would be to name the offense, and if the offense named appears to be one against the laws of the State, the bond, so far as this requisite is concerned, would be sufficient. It therefore follows that if this bond names an offense which is recognized as such by the law of the State, the above opinion sustains its sufficiency, and does not support the position of appellants.

This leads us to the third ground of objection to the bond, which is "that theft from a house is no offense known to the law." If theft from a house is an offense against the law of this State, this objection is not well taken; if not, it is.

When the bond was executed, article 2408, Paschal's Digest, had not been repealed. Before the forfeiture, however, it had. That article provided that if any person should steal from a house, he should be punished by confinement in the penitentiary not less than two nor more than seven years. It will be seen that this article does not pretend to define an offense; no element of the offense of theft is mentioned. Its sole object was to prescribe a punishment for an offense, defined elsewhere, when committed from a house. The repeal, therefore, of this article left the offense of theft, whether committed from a house or elsewhere, if in this State, still an offense against the laws of this State.

It will not be seriously contended that the repeal of this article will have the effect to permit thieves to enter the houses of the people of this State, and fraudulently take the property of the owners, and not be guilty of theft

under the law of this State.   Nor can it be affirmed that
if a party were indicted in the courts of this State, and
the indictment were to charge in the most explicit terms
that the defendant fraudulently took the property from
a house (the other ingredients being charged), the indict-
ment would be insufficient because it contained the alle-
gation "that the property was taken from a house."   This
indictment would be perfectly good, whether this allega-
tion be treated as descriptive or surplusage.   We there-
fore conclude that theft, though committed from a house,
is still theft, and therefore an offense against the laws
of this State.   It is not only theft, but theft from a
house; for if a person in truth and in fact should enter a
house and steal therefrom, he would be guilty of theft,
and the theft would be from a house.   An indictment
alleging the facts, entering ever so largely into the par-
ticularities, if it contained the ingredients of the offense,
would certainly charge the offense.

Again, suppose the Code had never contained this
article, who will contend that, because the indictment
contained this allegation, it would from that fact fail to
charge the offense of theft?   We therefore conclude that,
notwithstanding article 2408, Paschal's Digest, is re-
pealed, theft whether from a house or not is an offense
against the laws of this State.

What then, is the result—the effect—of the repeal of
this article?   To this we reply that, if the offense described
in article 2381, Paschal's Digest, is committed from a
house, the punishment annexed by article 2408 cannot be
imposed, because the last named article stands repealed,
thus leaving the act of theft committed from a house to
be punished as ordinary thefts,—the punishment de-
pending upon the amount of the property stolen.

Notwithstanding we are of the opinion that theft,
whether committed from a house or elsewhere, is an of-
fense, it does not follow therefrom that the forfeiture of

the bond in this case was proper, and that the judgment *nisi* constituted a legal basis upon which to render the judgment final.

The principal must appear and answer. The court before whom he is required to appear must have the power to demand of him an answer to the charge against him. That charge was theft committed from a house, and being thus committed, was, by article 2408, made a felony and punished in a certain manner, without regard to the value of the property. And this article being in force at the commission of the offense, the defendant could not be subjected to the penalty then, that was imposed by this article. Article 2408 being repealed, the punishment thereunder could not be imposed. Nor could the punishment for ordinary theft be inflicted, for the reason that it is greater than that imposed by the repealed article, to wit, 2408,—the article in force when the crime was committed.

To restate it:— the penalty under article 2408 could not be enforced because repealed; the penalty for theft generally could not, because greater than that prescribed when the offense was committed. The correctness of the last proposition depends upon the property; — if twenty dollars or over, is it correct — the punishment being in ordinary theft from two to ten years? But, suppose the value to have been under twenty dollars, then the District Court had no jurisdiction of the cause; — could have taken no steps in it nor made any order therein. The District Court, if the value was under twenty dollars, could not have demanded of the principal an answer, and unless the court has power to put the party upon his answer, he is not required to appear before a court thus devoid of this power. The District Court having under no circumstances the legal right to demand of the principal an answer to the charge, no legal forfeiture could be taken on failure of the principal to appear and answer. It

therefore results from these premises that the judgment final was without authority.

But it is urged with great force and plausibility, by the assistant attorney general, that if theft from a house is an offense, treating "from a house" as surplusage, the bond is sufficient; nor does it matter whether it be the offense of which the principal is accused or not. In support of this proposition the assistant attorney general relies on the case of *Wilson* v. *State*, 25 Texas, 169. The opinion in that case clearly sustains the position. This very question, however, came before the Supreme Court subsequently, in the case of *State* v. *Cox*, 25 Texas, 404, and in the case of *Foster* v. *State*, 27 Texas, 236. In this latter case Judge Moore explicitly asserts this proposition, to wit,— that, to be sufficient, the bond must distinctly name the offense of which the defendant is *accused*, and that it appear therefrom that he is accused of some offense against the laws of the State. In that case, the defendant Foster was indicted for an aggravated assault. The offense named in the bond was assault and battery. The bond was forfeited, *scire facias* issued, judgment final was rendered against defendant and his sureties; and the case was taken to the Supreme Court by error. In construing the statute upon this subject, Judge Moore, conclusively to our minds, gives the *reason* of the law. He states that "the object of the bond is that the parties to the bond may know the offense to which the defendant is required to appear and answer; not that they may be advised simply of the class of offense to which it belongs." The principle contended for by the assistant attorney general does not require so much as that the class of offenses be named,— that any offense will suffice.

The rule of law enunciated in Foster's case is evidently in conflict with that stated in *Wilson* v. *State*, 25 Texas, 169; and though the latter has never been expressly overruled, we think these subsequent cases have that effect.

These cases being in conflict, we would look to the reason for each, and adopt that which better accords with the provisions of the Code. We think *Foster* v. *State* unquestionably meets and gives force and effect to every requirement of the Code, while Wilson's case does not. We therefore approve the opinion in Foster's case, and overrule that in Wilson's.

The District Court having no power to put the principal upon his answer in this case, a forfeiture of his bond was without authority; hence the final judgment was illegal, erroneous, and is reversed and the cause remanded.

*Reversed and remanded.*