## ANDREW E. HODGES AND OTHERS V. THE STATE.

To sustain a recognizance (in the absence of a commitment and transcript of the proceedings in the Justice's Court,) taken and approved by the Sheriff (under Art. 1706, Hart. Dig.) it is not necessary that it should recite that the defendant had been *committed to jail* by the Justice of the Peace; it is sufficient if it recite that he has been tried by the Justice of the Peace, and *held to bail*.

Where a bond taken and approved by the Sheriff (under Art. 1706, Hart. Dig.) recites that the defendant was tried by a Justice of the Peace and held to bail in a certain amount, it sufficiently appears that the defendant was committed to jail or to the custody of the Sheriff until he should find bail, in the amount thus fixed by the Justice.

Where it appears from a recognizance or bond, that the defendant was held to bail by a Justice of the Peace of a county named, to appear at the next Term of the District Court, it must be intended that it was the District Court of the same county, and the recital is sufficient.

If in point of fact, the accused had not been committed, or the offence was cognizable in another county, these matters might have been pleaded in avoidance of the recognizance.

A recognizance or bond to appear and answer a charge of "assault with intent to kill," is good, because, under such a charge the defendant could be convicted of an assault, if not also of the intent to murder.

Where the obligatory part of a bond to appear and answer, taken and approved by a Sheriff, (under Art. 1706, Hart. Dig.) was in the sum of $2,000, and the condition recited that the accused was held to bail in the sum of $2,500, it was held that the only effect was to reduce the judgment, which had been entered for $2,500, to $2,000.

Appeal from Guadalupe. Tried below before the Hon. Thomas H. DuVal.

Wednesday, 14th May, 1856. The State v. Hodges, No. 262. Comes the District Attorney on behalf of the State, and the defendant being three times solemnly called to come into Court and answer an indictment exhibited against him by the grand jury of Guadalupe county for assault with intent to kill, came not but made default; and the securities of the said Andrew E. Hodges, to wit: Miles Elkins, John C. Sheffield, W. H. C. Johnson, A. E. Knowles, Joseph Hawkins, P. R. Oliver and Y. P. Outlaw, being also three times solemnly called to come into

Court and bring with them the body of said Hodges, came not, but also made default. It is therefore considered that the bond of said parties, of date the 3d day of January, 1856, for the sum of twenty-five hundred dollars, be forfeited to the State, and that *scire facias* issue thereon to said parties returnable to next Term of said Court.

Here followed a bond of said Hodges and his said sureties, in the sum of $2,000, dated January 3d, 1856, conditioned, that whereas said A. E. Hodges has been arrested and tried before W. B. Whitlock, an acting Justice of the Peace in and for the county of Guadalupe, on a charge of an assault with an intent to kill one John Christopher; and whereas said Hodges has been this day held to bail on said charge in the sum of two thousand five hundred dollars; now if the said Hodges shall make his personal appearance on the first day of the next Term of the District Court and not depart the same without leave, then this bond will be void, otherwise it will remain in full force and virtue. (Signed and sealed, and approved by the Sheriff of Guadalupe county.)

*Scire facias* to each of the parties, reciting that whereas at the Spring Term, 1856, of the District Court of Guadalupe county, a judgment *nisi* was rendered upon a forfeited bond for the sum of twenty-five hundred dollars, against Andrew E. Hodges and his sureties, naming them, because the said Hodges failed to appear at the said Term of the District Court and answer to the charge of an indictment exhibited against him for an assault with intent to kill one John Christopher on the 25th day of December, 1855. It then commanded the Sheriff to summon said sureties, by name, to show cause at the next Term of said Court, to be holden, &c., why said judgment should not be made final.

At Fall Term, 1856, defendants demurred generally to the judgment *nisi* and *scire facias;* and alleged in general terms that the recognizance was void, of which in one paragraph they prayed the judgment of the Court; and in another they declared their readiness to prove it.

They also moved in general terms to *dismiss* the judgment *nisi.*

Entry of motion to quash the bond overruled, and leave to defendants to amend their answer.

Amended answer alleging that said bond or recognizance is void for the following reasons: That it was not taken or approved by the proper officer; that the penal sum mentioned in said bond was not fixed by the Justice of the Peace; that it does not show that defendant was charged with an indictable offence,

but does show that he was charged with the commission of an act not indictable ; that it does not show in what county said act charged was committed; that it does show, in the condition thereof, at what District Court or in what county, defendant was to make his appearance.

And for further cause why said judgment *nisi* should not be made final, these defendants say that said Hodges was not committed to the jail of the county by any Justice of the Peace.

Here followed a motion by the District Attorney, for leave to amend the *scire facias* by making a copy of the bond a part thereof, and by striking out the word " indictment." No action appears to have been taken on this motion.

The cause being called for trial, the Court, after hearing the argument of counsel and inspecting the record, made the judgment *nisi* final. It is therefore considered, &c., rendering judgment for $2500. Motion for new trial, on same grounds already stated; overruled. This is a complete statement of all that appeared in the transcript.


*Hancock & West*, for appellant. I. The recognizance should have been approved by the Justice of the Peace. Art. 1706, Hart. Dig. shows when the Sheriff has power to approve; it is only after the party has been committed to jail. Art. 1709 is conclusive on this point.

II. The amount of the recognizance was never fixed by the Justice of the Peace; this was not necessary where the Justice previously acted, but was acquired by the statute, when the Sheriff or any other officer took the recognizance. (Art. 1706, Hart. Dig.)

III. There is no indictable offence charged in the recognizance. The words " kill and murder" should have been used. (Hart. Dig. Art. 372; Id. Art. 508; Dailey v. The State, 4 Tex. R. 417 ; State v. Cotton, 6 Id. 425.)

IV. The recognizance is void because it does not show in what county the offence was committed, nor where the defendant is to appear to answer the charge. (Hart. Dig. Art. 1704.)

V. The condition is not drawn in conformity with the statute, and is therefore a nullity; it is defective in this, 1st, that it does not say, as required by the statute, in what county he is to appear; 2d, it does not require him to " appear and answer the charge" as required by the statute, but simply that he shall make his " personal appearance." (Hart. Dig. Art. 1704.)

Where the statute prescribes the form of a bond, it should be pursued. (Hammons v. The State, 8 Tex. R. 272; Lawton v. The State, 5 Id. 270.)

*Attorney-General*, for appellee.  I. It may be granted that, as the statute designates a certain offence as an assault with intent to murder, this form of words would be absolutely required to express that degree of crime.  But an indictment for an assault with intent to kill would sustain a verdict for aggravated assault or assault and battery.  But supposing the allegation would be only sufficient to sustain a charge for simple assault, still this is an indictable offence and the bond is good.  In Alabama it was ruled that under an indictment which charged an assault with intent to kill and murder, a verdict of assault with intent to kill is not a conviction for the principal charge, but is good as a conviction for assault and battery. (State v. Burns, 8 Ala. R. 313.)

II. It is further objected that the bond was not taken and approved by the proper officer.  It recites that the defendant had been held to bail by a Justice of the Peace of Guadalupe county and the bond is approved by the Sheriff.  The exception narrows itself down to this—that the bond should have recited the commitment of the accused in default of bail.  This is a mere verbal criticism.  The recitation is substantially the same as if this had been expressed.

III. As to the amount being fixed by the Justice, this objection is contradicted by the bond, which expressly recites that after examination the accused had been held to bail in the specified amount.  There is a discrepancy between the amount first stated in the obligation and the amount afterwards recited in the condition.  This is unimportant except that it may reduce the judgment to the amount first set out.

IV. It is objected that the bond does not show in what county the offence was committed, and that the bond does not specify before what Court the defendant is bound to appear.

An inspection of the bond, and any fair construction of its terms will, it seems to me, be sufficient to overcome these objections.

Upon the whole, unless a rule as rigid as could be demanded upon the final trial of a capital cause, is applied to these proceedings, they must be held sufficient.

Hodges v. The State.

WHEELER, J.    The recognizance appears to have been taken under Article 1706 of the Digest.    It does not recite that the principal recognizor had been committed to jail; nor, it is conceived, was it necessary that it should so recite.

It sufficiently appears that the Justice in admitting the accused to bail, did fix the amount of the recognizance.    Having been committed to jail or to the custody of the Sheriff until he should find bail, that officer was authorized to take the recognizance.

The accused being held to bail by a Justice of the county of Guadalupe, to appear at the next Term of the District Court, it must be intended that it was the District Court of the same county.    If the offence had been cognizable in any other county, the Justice must have sent the accused before an officer of the county having cognizance of the offence, for examination and trial, instead of holding him to bail, as he did. (Hart. Dig. Art. 1704.)

If, in point of fact, the accused had not been committed, or the offence was cognizable in another county, these matters might have been pleaded in avoidance of the recognizance.

It cannot be said that the recognizance does not require the accused to answer to an indictable offence.    An "assault with intent to kill" is an offence, for which the accused might be convicted of the assault, if not also of the intent to murder.    We think the recognizance legally sufficient.    But it bound the defendants in the sum of two thousand dollars only : and they were not liable upon it beyond that sum.    The judgment is therefore erroneous and must be reversed, and the proper judgment be rendered.

Reversed and reformed.