## THE STATE v. ATANACIO HOTCHKISS.

Where an indictment was for an assault "with intent to kill and murder," and the bail-bond recited the offense as "an assault with intent to kill," and was otherwise in form, it was error to quash the bond. (Paschal's Dig., Art. 2731, Note 708.)

APPEAL from Nacogdoches. The case was tried before Hon. REUBEN A. REEVES, one of the district judges.

Atanacio Hotchkiss was indicted for an assault "with intent to kill and murder." He was arrested upon a *capias* and entered into bond, which described the offense as "assault with intent to kill."

The defendant did not appear, and when the district attorney moved to forfeit the bond, Francisco Acosta, one of the sureties, moved to quash the bond, because it recited no offense known to the law. The motion was sustained, and the bond quashed. The State appealed.

*Wm. M. Walton, Attorney General,* for the State.—This is an indictment against appellee for an assault with intent to kill and murder. The party was arrested, and executed bond. A motion in general terms was made to quash the bond. The motion was sustained, and the securities discharged. The bond is in full compliance with the statute, containing every requisite of the law. (Paschal's Dig., Art. 2732.)

The charge recited against the defendant, "assault with intent to kill," is sufficient to support the bond. That is an offense known to the law of the land, or, if not, it contains an offense that is known. (Hodges v. The State, 20 Tex., 493.) MSS. case at Galveston, Wilson v. The State, [29 Tex., 240,] cited in Paschal's Dig., Note 708, decides the same point.

Those cases demand a reversal of this one.

No brief for the appellee has been furnished to the *Reporter.*

Donley, J.—The motion to quash the bond in this cause, because the defendant was not charged with any offense against the law, was improperly sustained. It was held in the case of Hodges v. The State, 20 Tex., 493, that "an assault with intent to kill is an offense for which the accused might be convicted of the assault, if not also of the intent to murder." The recognizance in that case was held legally sufficient, as also in Wilson v. The State, Galveston T., 1860, [25 Tex., 169.]

The judgment is reversed, and the cause

Remanded.