### G. GOLDTHWAITE AND ANOTHER v. THE STATE.

1—A recognizance and a bail bond are convertible terms, in respect of the legal liability of the cognizors or obligors, and the methods of enforcing that liability.

2—Though the Penal Code does not define any offense of "assault with intent to kill," yet a recognizance or bail bond which is conditioned for the appearance of a party charged with "an assault with intent to kill," is valid as referable to a charge of simple assault, and is not voidable on the pretext that it names no offense known to our laws.

3—If a bail bond shows that the accused stands charged with an offense, and that he binds himself to appear before the proper court at a proper place and time, it is not fatally defective because it does not stipulate in express terms that he shall "answer" the accusation. The legal intendment is that the appearance is to answer the designated offense of which he is accused. (See the statement of the facts for the terms of the bail bond in this case.)

ERROR from the Criminal Court of Harris county. Tried below before the Hon. Wm. R. Fayle.

The plaintiffs in error, George Goldthwaite and C. F. Duer, were sureties for C. H. Harwell in his bail bond for $3000, conditioned as follows:

"The condition of this bond is such that whereas, on the sixth day of March, A. D. 1867, C. H. Harwell was brought before me, F. De Bajligethy, an acting justice of the peace, in

and for said county, on a charge of an assault with intent to kill one Lee Clipper, a free man of color, in Harris county, on the 24th day of February, A. D. 1867, and was required by me to give bond for his appearance at the next term of the Honorable Criminal Court of Harris county, State of Texas, to be held at the court house in the city of Houston, on the second Monday of April, A. D. 1867, in the sum of three thousand dollars : Now, if the aforesaid C. H. Harwell shall so appear at the time and place designated, and there remain, from day to day, and from term to term, until discharged by due course of law, this bond to be void; otherwise, of full force and virtue."

The other facts appear sufficiently in the opinion of the court.

*G. Goldthwaite,* for plaintiffs in error.

*E. B. Turner,* Attorney General, for the State.

LINDSAY, J.—This is a judgment final upon a forfeited recognizance, or bail bond, which are convertible terms, so far as the legal liability of the cognizors or obligors, and the methods of enforcing that liability, are concerned.

It is objected that there is no offense known to the law named in the bond. The statute requires that some offense should be distinctly named to make it a valid bond to hold the obligors responsible. If the bond were defective in this respect, this court would be bound to reverse the judgment. The bond was taken before a justice of the peace, as an examining court, for the appearance of an accused before the Criminal Court of Harris county, to answer to a charge of *an assault with an intent to kill.* Now, although the Criminal Code does not define any offense of *an assault with intent to kill,* yet it does define the offense of an *assault.* And whatever may have been the purpose and design of the assault, the assault at least is charged to have been made, and that assault is most certainly an offense, and is distinctly named in the bond. This, then, is

the accusation against him, which he is, in fact, called upon to
answer, and to defend himself against, upon a trial before the
District Court. The judgment is affirmed.

Affirmed.

*Goldthwaite*, for plaintiffs in error, made the following mo-
tion and argument for a rehearing:

In this case it is respectfully insisted that the court, in the
opinion delivered, has not, in express terms, answered the
objection made to the bail bond, viz:

That the bail bond does not require the defendant *to answer
the accusation against him.*

It is admitted that the bond recites an offense, for which he
was examined before the officer, and *was* required to give bond;
but the bond does not require the defendant to answer said
charge. It simply requires him to appear before the Criminal
Court; for what purpose he was required to appear, is not in
express or direct terms stated in the bond.

It is insisted that the bond should, in express and direct
language, have required the defendant to appear and answer
said charge; or, in the words of the statute, *to answer the accu-
sation against him.* It is insisted that some words should have
been used in the bond to connect the offense named with the
appearance of the defendant before the court, and in the absence
of any such words the bond is insufficient.

It is only by inference that the court can come to the conclu-
sion that the defendant was by said bond required to answer
said charge; it is not stated in express words, as is necessary
and required by the second subdivision of the section 264 of
Code of Criminal procedure. (Paschal's Dig., § 2732.)

The bond did require the defendant to appear before the
court, but for what purpose is not stated:—*to answer any
charge,* or in the express words of the statute, *"to answer the
accusation against him,"* is wholly omitted, and that he was to
appear to answer the offense recited is inferential, and does
not necessarily follow.

Wherefore the plaintiffs in error respectfully pray for a rehearing.

LINDSAY, J.—Whenever an *assault* is stated in a bail bond to have been made by a party, and he binds himself to appear before the proper court, at the proper time and place, to answer, it both names the offense, and it thereby appears that he is accused of some offense against the laws of the State. If he binds himself to appear, it is to answer that *offense* thus named, and of which he is thus accused. It is wholly immaterial what was the *intention* of the party in committing the assault— whether it was done with the intent to kill, or to murder, or to rob, or simply to make a battery. In either case it is an *offense* against the laws of the State, for which he binds himself to appear and answer. The application for a rehearing is therefore refused.