DORMAN BLOSS, *et al.*, v. THE STATE OF KANSAS.

RECOGNIZANCE, *in Criminal Cases; May be taken by Sheriff*. After a party has been committed for trial on a charge of felony, a writ of *habeas corpus* prosecuted, the amount of bail reduced, and the accused returned to the custody of the sheriff, that officer has power to take and approve a recognizance.

*Error from Clay District Court.*

ACTION against *Dorman Bloss*, as principal, and *Hiram Bloss*, as surety, on a forfeited recognizance given in a criminal

action. The facts are fully stated in the opinion. The defendants demurred to the petition. The district court, at the November Term 1872, overruled the demurrer and gave judgment against the defendants, who bring the case here on error.

*McClure & Humphrey*, for plaintiffs in error:

The suit is upon what is claimed to be a forfeited recognizance. Dorman Bloss was committed in default of bail to the jail of Riley county by the examining magistrate. Bail fixed by the justice at $800. A writ of *habeas corpus* was subsequently sued out before the probate judge of Riley county, (as appears from the averments in the petition,) who reduced the bail to $400, which bail the sheriff took. The sheriff had no power to take $400 bail. The probate judge should have let the prisoner to bail in the lesser sum, and. the recognizance is void. Cases in which the sheriff may take bail, § 143 criminal code; those wherein the judge should take bail, § 62, criminal code, and § 672, civil code. See also *Solomon v. The People*, 15 Ill., 291.

*C. M. Anthony*, county attorney, for The State.

The opinion of the court was delivered by

BREWER, J.: Dorman Bloss was arrested on a charge of grand larceny, and committed for trial. Bail was fixed by the examining magistrate at $800. He sued out a writ of *habeas corpus* before the probate judge, who reduced the bail to $400. Afterward the sheriff took and approved a recognizance in the sum of $400, which was forfeited by the non-appearance of the accused. An action was brought on this forfeited recognizance, judgment rendered in favor of the state, and this proceeding in error instituted to reverse such judgment. The only point made by counsel is, that the bond was void because taken by the sheriff. It is insisted that the judge who issued the writ of *habeas corpus*, and reduced the bail, was the only officer authorized to take the

recognizance. This is a mistake. While the proceedings in *habeas corpus* were pending before the judge unquestionably he had power to take the recognizance. (Criminal code, § 62; civil code, §§ 672, 673.) But after he had rendered his decision and reduced the amount of bail, and returned the accused to the custody of the sheriff, that officer then had the power. (Crim. code, § 143.) He held the accused under a *mittimus*. That *mittimus* fixed the amount of bail. The proceedings before the judge had reduced the amount, but they had not set aside the *mittimus*. Probably the probate judge could have himself issued a valid *mittimus* indorsing the bail thereon at the reduced amount, but still the sheriff would have had the power to take the recognizance. Even if such proceedings were without warrant of law, and void, it is doubtful whether either the accused or his sureties could take any advantage of the fact. The sheriff accepted a recognizance for a less amount than that fixed by the committing magistrate. *Hodges v. The State*, 20 Tex., 493. But so far as the record shows, the action of the judge was legal and valid. Having availed themselves of such action in their favor, they are hardly in a position to contest its validity.

The judgment of the district court is affirmed.

All the Justices concurring.