### CHAS. HODGES ET AL. v. THE STATE.

#### No. 2040. Decided May 28, 1913.

#### Rehearing denied January 28, 1914.

**1.—Scire Facias—Vagrancy Statute—Gambling Statute.**

The vagrancy statute does not repeal the gambling statute. Following Parshall v. State, 62 Texas Crim. Rep., 177.

**2.—Same—Bill of Exceptions—Practice on Appeal.**

Where the bills of exception were clearly defective under the long and well established practice and rules of this court, they may not be considered on appeal. Following Conger v. State, 63 Texas Crim. Rep., 312, and other cases.

**3.—Same—Bail Bond—Recognizance—Statutes—Procedure.**

Our statutes prescribing the requisites of bail bonds and recognizance and regulating and prescribing the procedure for the forfeiture thereof are so clear, plain, full and unambiguous that they need no construction by this court, and the lower court should follow them.

**4.—Same—Practice on Appeal—Immaterial Technical Points.**

In later years, the trend of legislation as well as the decisions of the appellate courts is to get away from extremely technical and unimportant matters and to decide cases upon their real merits.

**5.—Same—Description of Offense—Bail Bond—Recognizance.**

It is only necessary to state in bail bonds or recognizances that defendant is charged with a felony or a misdemeanor, as the case may be, but where the bond recited that defendant was charged with a felony and the judgment nisi and citation recited that he was charged with the offense of keeping and being interested in keeping certain premises and buildings for the purpose of being used for gaming, which is a felony, the same complied with the statutes.

**6.—Same—Rule Stated—Pleading—Scire Facias.**

The statutes never contemplated or intended that when describing the offense against the accused in scire facias proceedings it should be done with anything like the certainty which would be necessary in the indictment, and where the judgment nisi and citation correctly described a felony, there was no variance between them and the bond which alleged that defendant was charged with a felony. Following Arrington v. State, 13 Texas Crim. App., 551, and other cases.

**7.—Same—Definition of Variance.**

It is no variance that the proof does not show all the points in a declaration, but it must be a disagreement between the allegation and the proof which in point of law is essential, such as is calculated to mislead or surprise.

**8.—Same—Scire Facias—Pleading—Motion to Quash—Answer.**

When the sureties appear and answer in a scire facias case, the first object and purpose of the citation has been met and for that purpose, it is no longer to be considered, and if the sureties desire to take advantage of its insufficiency, they must file a motion to quash in limine, and where they file an answer, the citation is thereafter to be considered solely as a pleading.

**9.—Same—Judgment Nisi—Date of Appearance of Principal.**

It is not necessary under the statute that the judgment nisi recite when the principal in the bail bond was to appear, and where the bail bond required an instanter appearance and the judgment nisi recited that he was to appear on the ———— day of ————191—, and from day to day, etc., the latter was not an impossible date, but no date, and there was no error in rejecting said attempted date in the judgment nisi as surplusage and making same final. Davidson, Judge, dissenting.

**10.—Same—Dismissal—Principal—Surety—Judgment.**

All the proceedings and judgments on the forfeiture of a bail bond is a criminal case, and not a civil case, and the sureties have no right to plead over against their principal, etc., and there was, therefore, no error in dismissing as to him and taking judgment against the sureties. Following Gay v. State, 20 Texas, 504, and other cases. Davidson, Judge, dissenting.

**11.—Same—Sufficiency of the Evidence—No Reversible Error.**

Where, upon appeal from a judgment final in a scire facias proceeding, it appeared that the bond, judgment nisi, citation and final judgment were all in substantial compliance with the statute, there was no reversible error. Davidson, Judge, dissenting.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. Barry Miller.

Appeal from a judgment of forfeited bail bond in the sum of $1000. The opinion states the case.

*Allen & Flanary* and *W. P. Ellison* and *W. F. Ramsey* and *C. L. Black*, for appellant.—On question as to what proof of breach of bond is required: Houston v. State, 13 Texas Crim. App., 560; McWhorter v. State, 14 id., 239; Goodin v. State, 14 id., 443; Arrington v. State, 13 id., 554.

On question of description of bond in judgment nisi: Moseley v. State, 37 Texas Crim. Rep., 18; Werbisky v. State, 20 Texas Crim. App., 131.

On question of date of appearance of defendant: Sloan v. State, 39 Texas Crim. Rep., 63; Mackey v. State, 38 id., 24; Butler v. State, 31 id., 63; Avant v. State, 33 id., 312, and cases last above cited.

On question of impossible date: Brown v. State, 28 Texas Crim. App., 65, and cases above cited.

On question that invalid judgment nisi will not support final judgment: Watkins v. State, 16 Texas Crim. App., 646; Abbott v. State, 45 Texas Crim. Rep., 514, and cases above cited.

On question of void bond which states no date of appearance: Fentress v. State, 16 Texas Crim. App., 79, and cases above cited.

*C. E. Lane*, Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—This is an appeal by Chas. Hodges and M. J. P. Lacy, the sureties on the bail bond of Jim Cornwell, from a judgment against them as such sureties. There is no statement of facts in or with the record.

The bond in no way and nowhere appears in the record, except as copied in one of appellants' bills of exception. As therein contained it is as follows:

"The State of Texas,
"County of Dallas.

"Know all Men by These Presents:

"That we, Jim Cornwell, as principal, and........................ and........................, as sureties, are held and firmly bound unto the State of Texas in the full and just sum of one thousand ($1000) dollars for the payment of which sum, well and truly to be made, we

bind ourselves, our heirs, executors and administrators, jointly and severally.

"Whereas, the above bounden Jim Cornwell stands legally charged in the Criminal District Court No. 2 of Dallas County with the offense of a felony against the peace and dignity of the State. Now, the condition of the above bond is such, that if the above bounden Jim Cornwell shall make his personal appearance as required by law, before the Honorable Criminal District Court No. 2 of Dallas County, Texas, at the present term thereof, at the courthouse in the City of Dallas in the county and State aforesaid, instanter, and there remain from day to day and term to term of said court. And not depart until discharged by due course of law, then and there to answer said above described charge, then in this case, the above bond to be null and void, otherwise to be remain *if* full force and effect.

"Witness our hands this 27th day of January, 1912.

> "Jim Cornwell (principal).
> "Chas. Hodges (surety).
> "M. J. P. Lacy (surety).

"Taken and approved by me, this 27th day of January, 1912.

> "B. F. Brandenburg, sheriff of Dallas County, Texas.
> "By C. E. Gross, deputy."

Following the bond there appears the separate affidavit of each of the sureties showing that they have property liable to execution worth more than $1000 each.

This bond in every way is a legal one, strictly in accordance with the statute prescribing the requisites thereof. (C. C. P., art. 321.)

The judgment nisi is dated January 31, 1912, and, omitting the style of the case and court, it is:

"This day this cause was called for trial, and thereupon came the State of Texas by her county attorney, but the defendant, Jim Cornwell, failed to appear and answer in this behalf and thereupon his name was called distinctly at the door of the courthouse, and a reasonable time given him after such call was made in which to appear, yet the said defendant came not, but wholly made default; and it appearing to the court that the defendant, Jim Cornwell, as principal, together with Chas. Hodges and M. J. P. Lacy, as sureties, did, on towit, the 27th day of January A. D., 1912, enter into a bond payable to the State of Texas, in the penal sum of one thousand dollars, conditioned that the defendant, as principal, should well and truly make his personal appearance before the Honorable Criminal District Court No. 2, of Dallas County, Texas, at the courthouse of said county, in the City of Dallas on the .......... day of .........., 191.., and there remain from day to day and term to term of said court, until discharged by due course of law, then and there to answer the State of Texas upon a charge by indictment therein filed, accusing him of the offense of keeping and

being interested in keeping certain premises and buildings for the purpose of being used for gaming.

"It is therefore considered by the court, that the State is entitled to a forfeiture of said bond, and it is ordered, adjudged and decreed by the court, that the State of Texas do have and recover of and from the said Jim Cornwell, as principal, the sum of one thousand dollars; and in like manner that the State of Texas do have and recover of and from the said Chas. Hodges and M. J. P. Lacy, as sureties, the sum of one thousand dollars each, and that this judgment will be made final unless good cause be shown at the next term of this court why said defendant did not appear."

On March 4, 1912, the clerk of said court issued citation against said two sureties which is:

"The State of Texas.

"To the sheriff or any constable of Dallas County,—Greeting:

" 'In the name of the State of Texas.'

"Whereas, in a certain criminal cause pending in the Criminal District Court No. 2 of Dallas County, Texas, entitled the State of Texas v. Jim Cornwell, No. 171, wherein the said Jim Cornwell is charged by indictment with the offense of keeping premises for the purpose of being used for gaming, on the 27th day of January, A. D. 1912, the said defendant, Jim Cornwell, did enter into a bond with Chas. Hodges and M. J. P. Lacy, as his sureties, in the penal sum of one thousand dollars, conditioned that the said Jim Cornwell would make his personal appearance before the Criminal District Court No. 2 of Dallas County, Texas, to answer said indictment, and there to remain from day to day and from term to term of said court until legally discharged; and whereas the said Jim Cornwell did, on the 31st day of January, A. D. 1912, when the said cause was called for trial in said court, fail to make his personal appearance before said court to answer the said accusation, whereupon his name was, by order of the court, called distinctly, at the courthouse door, and the said Jim Cornwell not having appeared within a reasonable time after such call was made, it was considered, adjudged and decreed by the court, that the said bond be declared forfeited, and that the State of Texas do have and recover of and from the said Jim Cornwell, as principal, and of and from the said Chas. Hodges and M. J. P. Lacy, as his sureties, the sum of one thousand dollars, and it was ordered, adjudged and decreed by the court that the said judgment would be made final, unless good cause be shown, at the next term of the court, why the defendant, Jim Cornwell, did not appear.

"This is therefore to command you, that you summon the said Jim Cornwell, principal, and Chas. Hodges and the said M. J. P. Lacy, the sureties on said bond, to be and appear before the next term of the Criminal District Court No. 2 of Dallas County, Texas, to be begun and holden at the courthouse in the town of Dallas on the 1st day of April,

A. D. 1912, and show cause why the forfeiture of said bond should not be made final.

"Herein fail not, but have you then and there this writ, with your return thereon, showing how you have executed the same.

"Witness my hand and seal of office, this the 4th day of March, A. D. 1912.

(Seal)                                         "H. H. Williams,
        "Clerk of the Criminal Court No. 2 of Dallas County, Texas."

The sheriff's return on this citation shows legal service upon each of said two sureties.

At the term the sureties were cited to appear, in obedience to said citation they did appear, and by•their attorneys, filed their answer. It is unnecessary to copy the answer but we will give the full and complete substance and effect thereof.

This answer is as follows:

"The State of Texas
    "No. 10.        vs.                    In Criminal District Court No.
"Jim Cornwell, Chas. Hodges              2, Dallas County, Texas.
and M. J. P. Lacy, Sureties, defendants.  April Term, A. D. 1912.

"Now come Chas. Hodges and M. J. P. Lacy, defendants in the above entitled and numbered cause, being sureties on the bond of the defendant in the case of the State of Texas v. Jim Cornwell, No. 171 upon the docket of this honorable court, cited herein to show cause why the forfeiture of said bond, and the judgment nisi entered thereon, should not be made final herein, and for answer herein show."

The remainder of the answer, in substance and in effect is: (1) A general demurrer, the same as a general demurrer in a civil suit; (2) Then follows six special exceptions in substance and in effect as follows:

(1) Because neither said judgment nor citation alleges Cornwell was charged (a) with a felony, nor what offense, (b) nor did the language which attempted to describe the offense describe any offense. (2) Because said judgment and citation are each fatally defective in that they misstate the condition of the bond and do not set out its conditions. (This is entirely insufficient as a special exception because it does not show what the claimed misstatements are.) (3) Because by neither judgment nor citation does it appear when the bond bound the principal to appear. (4) Because the judgment shows the principal was required to appear at an impossible date, "towit, on the...........day of...........191..." (5) Because from the citation it is manifest Cornwell is sued as principal, whereas from the bond Cornwell is defendant and in fact principal in the bond. (We do not understand what is meant by this exception.) (6) Because the vagrancy statute repeals the gambling statute. (This has often been correctly held against appellants. Parshall v. State, 62 Texas Crim. Rep., 177, and many other cases.) Then the same pleading (answer) of appellants proceeds with

a general denial and special pleas, alleging that the citation, based on said judgment, required Cornwell to appear at an impossible date, "to-wit, on the .......... day of ........, 191..." And that the judgment in attempting to describe the offense against Cornwell, describes no offense and does not allege he was charged with a felony.

Appellant has but three bills of exception. The first is to the introduction in evidence of the judgment nisi copied above. Omitting the heading, which gives the style and number of the cause and the court wherein pending, then is: "Be it remembered that upon the trial of the above numbered and entitled cause, the State of Texas, by and through its county attorney, offered in evidence the judgment nisi entered in favor of said State against Jim Cornwell, Chas. Hodges and M. J. P. Lacy, to the introduction of which judgment nisi in evidence, the defendants, Chas. Hodges and M. J. P. Lacy, then and there objected." Then the bill proceeds to state the various objections to the introduction of said judgment nisi, which are practically a reiteration of his special exceptions above stated and in addition, because the judgment nisi seeks to establish against them a double liability in that it allows a recovery of $1000 against each of them.

Their next bill has the same heading as the first and the same statement following, "Be it remembered," etc., except that in the other it was to the judgment nisi and as to this it is to the bond. Then follows substantially the same objections to the introduction of the bond as contained in their special exceptions with reference to the bond stated above. And in this exception is contained, as stated above, a copy of the bond and the affidavits of said sureties.

The next bill has substantially the same heading and, "Be it remembered," etc., the same as the other two, but is to the action of the court in permitting the State to dismiss the suit as against the principal, Cornwell.

Appellant's assignments of error present solely the action of the court in overruling his general and special demurrers and in admitting the judgment nisi and bond in evidence and the action of the court in permitting the State to dismiss as to Cornwell.

We have thus stated all of the questions assigned as error in this case so that we can discuss and decide them without taking up each separately, as we may hereinafter do. It is altogether unnecessary to take up each of these questions separately.

In the first place, neither of appellants' bills of exception as such, can be considered by this court, because of their insufficiency under the long and well established practice and rules of this court. Conger v. State, 63 Texas Crim. Rep., 312; James v. State, 63 Texas Crim. Rep., 75; and the authorities therein cited. Notwithstanding this, we will discuss briefly the material questions attempted to be raised.

Our statutes prescribing the requisites of bail bonds and recognizances, and regulating and prescribing the procedure for the forfeiture thereof, are so clear, plain, full and unambiguous that they need no construction

by this court. They construe themselves. There are so many apparent, if not real, conflicts in the decisions of the courts on the subject that the safest, if not the only safe way, for the lower courts to proceed is to follow the said statutes. Prior to recent years the tendency of the decisions of the court was to attach undue importance to each and every one of these proceedings, practically requiring that every "t" should be crossed and every "i" dotted; otherwise to hold the proceedings fatally defective and result in reversals. But in later years the whole trend of legislation, as well as the decisions of this court and the Supreme Court, is to get away from such extremely technical and unimportant matters, and instead, to get to the real merits and substantial matters, and intent of the Legislature in the enactment of the law, and decide the cases on their true and real merits and not on purely immaterial technical points.

As an illustration of this our statute prescribing the requisites of a bail bond and recognizance, prior to the Act of 1899, p. 111, in article 309 (288) (C. C. P.), subdivision 3 thereof, required: "That the offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the State." Under that article, as it was prior to said Act of 1899, this court had in many cases held that the bonds were illegal and invalid because of an insufficiently full description of the offense of which an accused was charged. The Legislature, in order to get away from, and do away with these decisions and the said statute as it theretofore existed and had been construed, in lieu of and instead of said subdivision 3 of said article, by the said Act of 1899 enacted:

"If the defendant is charged with an offense that is a felony, that it state that he is charged with a felony. If the defendant is charged with a misdemeanor, that it state that he is charged with a misdemeanor." This statute has not always been kept in mind by this court in deciding cases arising subsequent thereto. While it is better, in making out bail bonds, or in entering into recognizances, where the offense charged against an accused is a felony, to merely say that he is charged with a felony, or where a misdemeanor, merely that he is charged with a misdemeanor; yet, we think it was the clear intention of the Legislature that the offense with which an accused is charged may properly be stated in brief and general language. All that was intended by the Legislature was that only and merely such language should be used as would put a party and his sureties upon notice in a general way of the offense with which he is charged. Thus, in this case, the bond says that he is charged with a felony and in the judgment nisi, instead of saying merely he is charged with a felony, to say that he is accused "of the offense of keeping and being interested in keeping certain premises and buildings for the purpose of being used for gaming," clearly gave the defendant and his sureties sufficient and ample notice of what he is accused and the charge to which the bond binds him to appear and answer. So when the citation, as in this case, instead of reciting that he was charged and made bond to appear to answer merely a felony, states that he is charged

"with the offense of keeping premises for the purpose of being used for gaming" is amply sufficient, and sufficiently and clearly apprises them of the offense with which he is charged. In our opinion, our statutes never contemplated and never intended, that when stating the charges against a party in these proceedings, it should be done with anything like what would be necessary in the indictment in charging the offense. Even under the old law, when it was in force and the strict construction thereof by this court, a recognizance which stated that the alleged offense was "an assault with intent to kill," was held sufficient. Hodges v. State, 20 Texas, 493. And while there was no offense known by the name of an assault with intent to kill, yet such a description included the offense of an assault and the words "with intent to kill" might be rejected as surplusage. Wilson v. State, 25 Texas, 169; Goldthwaite v. State, 32 Texas, 599. In Lowrie v. State, 43 Texas, 602, a recognizance which stated the offense against the accused was "unlawful card playing" was held sufficient. The court, through Chief Justice Roberts, said:

"The offense charged in this indictment has no specific name given to it in the Code, but is one of a number of offense classed under the general head of 'gaming,' which, as a generic term, embraces in its proper signification many games that are not prohibited by law. In such cases this court has held that it is sufficient if in the recognizance there is a reasonably certain description of the offense charged, so as to indicate the particular offense, or which one of a particular class of offenses is meant. Whether the effort in this case be regarded as giving a name to or making a description of the offense charged against the defendant, we are of opinion that it is sufficient, as the terms 'unlawful card playing' point out with reasonable certainty the class of illegal gaming contained in the indictment, which is playing at a game with cards in one of the prohibited places."

In Arrington v. State, 13 Texas Crim. App., 551, it was held that there was no variance between a complaint on a bail bond charging the theft of "one two-year-old steer and two yearlings," and the bond describing the offense as "theft of neat cattle." In State v. Hotchkiss, 30 Texas, 162, the indictment charged the accused "with intent to kill and murder." The bail bond recited the offense as "an assault with intent to kill." The bond was held valid. In Collins v. State, 16 Texas Crim. App., 274, the indictment charged the accussed with "theft of one certain horse" and the bail bond stated that he was charged with the theft of "one sorrel mare." There was not fatal variance and the bond was held good.

Surely, if as held by the Supreme Court in Lowrie v. State, supra, the general designation of "unlawful card playing," as a generic term, embraced in its proper signification the many games then prohibited by law, the designation of the offense with which appellant was charged in this case, as stated above in the judgment nisi and citation, clearly embraced and pointed out with reasonable certainty the class of keeping premises for gaming purposes as defined by our statute (P. C., art. 559).

And not only under the old law, but especially under the new, is clearly sufficient and no variance. Allen v. State, 28 Texas Crim. App., 531; Mathew v. State, 15 Texas Crim. App., 460; Robinson v. State, 34 Texas Crim. Rep., 131. Besides this, universally in the opinions of this court in designating the offense with which an appellant has been convicted, such general designations are applied. . No one could be misled thereby and no variance is thereby shown.

. Again, as stated by this court in Smith v. State, 7 Texas Crim. App., 382, "Variance is 'a disagreement between the allegation and the proof, in some matter which, in point of law, is essential to the charge or claim.' 1 Greenl. on Ev., sec. 63; 1 Bishop's Crim. Proc., sec. 485. And 'matter which is merely useless never vitiates.' The State v. Elliott, 14 Texas, 423." Warrington v. State, 1 Texas Crim. App., 168. Again, this court in Werbiski v. State, 20 Texas Crim. App., 132, said: "To constitute a fatal variance there must be a material misdescription in the pleadings of the cause of action, such as is calculated to mislead or surprise the adverse party. (McLelland v. Smith, 3 Texas, 210; Warrington v. State, 1 Texas Crim. App., 168.)" 39 Cyc., 1122, defines variance as: "A disagreement between the allegations and the proof in some matter which in point of law is essential to the charge or claim; a substantial departure from the issue in the evidence adduced; an essential difference between the pleadings and the proof." In Skinner v. Grant, 12 Vt., 456, it is said: " 'Variance' means 'material difference.' It is no variance that the proof does not show all the points in a declaration."

The object of the citation in cases of forfeiture of bail bonds is two-fold: First, it is to properly notify the sureties and bring them into court to show, if they can, any legal cause why judgment should not be entered against them finally on the bond already forfeited; second, it is the pleading of the State on the bond and judgment nisi. "The citation is a pleading and not evidence, and it is not required that it should be read in evidence by the State. (Arrington v. State, 13 Texas Crim. App., 554; McWhorter v. State, 14 Texas Crim. App., 239.)" Gragg v. State, 18 Texas Crim. App., 295. When the sureties appear and answer in the case, the first object and purpose of the citation has been met and for that purpose it is no longer to be considered. Thereafter it is only to be considered for the other purpose, towit: as a pleading. If for the first purpose the sureties desire to take advantage of its insufficiency they must in limine file a motion to quash it and appear solely for that purpose and not make an appearance generally in the case and file an answer as was done in this case. It will be noticed that in this case they filed no motion in limine to quash the citation on any ground. But having answered, the citation is thereafter to be considered solely as a pleading.

When and how a bail bond can be forfeited is stated in articles 488-9, Code Criminal Procedure. In neither, nor in both of these articles together, does the statute require judgment to recite when the principal

was to appear. The judgment nisi in this case fully complied with the said two articles.

In indictments our statutes require that the date on which an offense is alleged to have been committed must be given, and unless so, such indictment is fatally defective. The judgment nisi in this case in reciting that Cornwell was to make his personal appearance before said court "on the ........ day of .........., 191..," does not, as claimed by appellants, show that he was to appear on an impossible date, but instead, it shows no date on which he was to appear in this particular portion of it. Every one knows, and we know, that the above quotation is a mere blank left unfilled and that it does not allege an impossible date. But the other recitations in this judgment nisi, that he "should well and truly make his personal appearance before said court (naming it), at the courthouse of said county in the City of Dallas and there remain from day to day and term to term of said court until discharged by due course of law," in effect, fixed the time of his appearance on the very date that he gave his bond. In other words, the same as now, at once,—and that he was to remain from day to day, etc. The judgment nisi, being entirely sufficient otherwise, the said blank above quoted, should be rejected as surplusage. Brite v. State, 24 Texas, 19; Gregg v. State, 18 Texas Crim. App., 295; Fentress v. State, 16 Texas Crim. App., 79, and cases above cited.

The statute (C. C. P., art. 489) requires that when a preliminary nisi judgment or forfeiture is taken that "a judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound, and of his sureties the amount of money in which they are, respectively, bound which judgment shall state that the same shall be made final, unless good cause be shown at the next term of the court why defendant did not appear." This was done in this case. By the mere execution of the bond by the principal he becomes and is a party to all of the proceedings of forfeiture without any further notice or citation whatever to him (art. 490, C. C. P.). While all this is true, and being true, we can see no reason why the State should dismiss as to the principal, yet there is nothing to prevent the State from doing so. All the proceedings and judgments on the forfeiture of a bail bond is a criminal case and not a civil case, so held uniformly by the Supreme and this court. The statute prescribes that after the judgment nisi, the cause shall be placed upon the civil docket and a further trial proceed as a civil case. Yet, the sureties have no right to plead over against their principal. It was never contemplated by the law that questions arising between the principal and his sureties or between sureties themselves, should be adjudicated in this special statutory proceeding. The State, therefore, had the right to dismiss as to the principal, whether with or without cause. The statute (art. 500, C. C. P.) expressly provides what causes will exonerate the sureties from liability upon the forfeiture taken, and prescribes that they "and no other" will exonerate. It has been expressly held that the State has the right to dismiss as to

the principal, and the sureties have no right to complain thereof.  Gay v. State, 20 Texas, 504; General Bonding & Casualty Ins. Co. v. State, this day decided.

So that 'taking the said bond, judgment nisi, citation and final judgment, even if we could consider appellants' bills of exception, and assignments of error without a statement of facts, under the law as it now is, no error is shown in the overruling of appellants' general and special demurrers, nor in admitting in evidence the said judgment and bond over appellants' objections, nor in rendering the final judgment as rendered herein; for that each and all were in substantial compliance with the statutes, and showed that appellant was charged with a felony; that there is no material misstatement of the conditions of the bond, nor when and where appellant was to appear and that they did not show that he was to appear at an impossible date.

The judgment will be affirmed.

*Affirmed.*

DAVIDSON, JUDGE.—I dissent.. See General Bonding & Casualty Co. v. State, this day decided.

HARPER, JUDGE.—I concur in the conclusion reached, that the judgment should be affirmed, deeming the judgment nisi and citation herein issued in compliance with the provisions of the Code of Criminal Procedure.

[Rehearing denied January 28, 1914.—Reporter.]