E. O. GLENN V. STATE.

No. 25111. January 31, 1951.
State's Motion for Rehearing Denied (Without
Written Opinion) March 14, 1951.

*Walter F. Brown* and *H. Fletcher Brown,* Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. T. Branch,* Assistant Criminal District Attorney, Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

On July 28, 1931, in the Criminal District Court No. 2, of Harris County, a final judgment was rendered in a bond forfeiture case in favor of the State of Texas for the sum of $1,000, against Charlie Clancy, E. O. Glenn, and Jack P. Masters.

From November 15, 1937, to February 15, 1950, no execution was issued on that judgment. On July 17, 1950, by authority of an execution issued July 5, 1950, the sheriff of Harris County levied upon certain real estate belonging to E. O. Glenn, and advertised same for sale on September 5, 1950, to satisfy said judgment.

On August 18, 1950, Glenn filed in the court wherein the

judgment was entered a motion to quash and dismiss the execution by virtue of which the levy had been made. The principal ground urged therefor was that the judgment was dormant and of no force and effect because of the provisions of Art. 3773, R. C. S., as amended in 1933.

To that motion, the State of Texas, through the criminal district attorney of Harris County, answered, alleging that the question as to whether the judgment was or was not dormant was one of limitation and that the State of Texas, therefore, was not and could not be affected thereby, because limitation does not run against the state in such matters.

Upon the issue thus joined, the trial court on August 23, 1950, overruled the motion, from which order Glenn gave notice of appeal to this court.

Forfeitures of bail bond are criminal matters and appeals relative thereto are to this court. Hodges v. State, 73 Tex. Cr. R. 638, 165 S. W. 607, 5 Tex. Jur., p. 968.

Appellant's motion to quash the execution upon the grounds alleged was a proper remedy. The right of appeal from an adverse ruling thereon is authorized. 18 Tex. Jur., p. 604-608.

No execution having issued upon the judgment for a period of ten years (November 15, 1937, to February 15, 1950), it was dormant, under the express provisions of Art. 3773, R. C. S., as amended in 1933.

The district attorney, in his brief, recognizes the correctness of the statement just made, but insists that the judgment could not become dormant, because of the statute (Art. 5517, R. C. S.) exempting the state from being barred by limitation.

Title 91 of the Revised Civil Statutes provides the statutory law relative to limitations in this state.

Art. 5517, R. C. S., which exempts the state from being "barred by any of the provisions of this Title . . . .," and Art. 5532, relative to the revival of judgments by scire facias or as an action for debt, are a part of said Title 91.

We are not here dealing with nor is this an action by the state to revive the instant judgment. Hence, the limitation

statutes governing such actions are neither applicable nor controlling.

Here, the state is attempting to enforce a judgment by an execution issued thereon.

Art. 3773, R. C. S., as amended, is a part of the statute law of this state relating to executions, and is, in fact, a time limit upon the issuance of executions. Express provision is made therein that no execution shall issue upon a dormant judgment unless such judgment is revived. It is apparent, therefore, that said article is not a statute of limitation.

We are unable to perceive any good reason why the provisions of Art. 3773, R. C. S., should not govern and apply to all parties, including the state, seeking to enforce a judgment by execution.

That the state is bound by the provisions of Art. 3773, R. C. S., is supported, by analogy, by the cases of Custer v. McCutcheon, 283 U.S. 514, 75 L. Ed. 1239, 51 S. Ct. 530; Eason v. David, (Tex. Civ. App.) 232 S. W. 2d 427.

The conclusion is expressed that the execution here relied upon by the state, having been issued upon a dormant and invalid judgment, was without force and effect and should have been quashed by the trial court.

The judgment of the trial court overruling appellant's motion to quash the execution here involved is reversed, and judgment is now rendered quashing and dismissing said execution.

Opinion approved by the court.