**CITY OF DALLAS, et al., Appellants,**

v.

**Carl SMITH, Appellee.**

**No. 05–85–01290–CV.**

Court of Appeals of Texas, Dallas.

Aug. 5, 1986.

---

Carla Hatcher, Dallas, for appellants.

William E. Trantham, Dallas, for appellee.

Before STEPHENS, DEVANY and McCRAW, JJ.

DEVANY, Justice.

Carl Smith, owner of Legal Bonding Service (Smith), appellee, originally brought this lawsuit for injunctive relief against the City of Dallas, Gordan MacDowell, Judge of the Municipal Court of the City of Dallas, Texas, and Richard Lewis, Court Clerk of the City of Dallas, appellants (the City). Smith stated in his petition that he is engaged in the bail bond business making bail bonds for people charged with criminal offenses who have to appear in the Dallas Municipal Court. Smith complained that he has been the subject of judgments in bail bond forfeitures of the Dallas Municipal Court which are purely "civil judgments" for monetary damages resulting from the failure of principals on bonds to appear in court. Smith alleged that he maintains a cash deposit with the City to guarantee bonds that he writes. Smith contended that the judgments entered against him for such bond forfeitures are invalid because the Dallas Municipal Court has no jurisdiction to create such judgments.

Smith stated that he had no other remedy at law than to enjoin the City from enforcing such judgments and to prohibit the City from rendering any "civil judgment" against him in the Dallas Municipal Court. The parties stipulated in writing to all of the relevant facts and agreed that the "only issue before the Court in this case is the authority of the municipal court of the City of Dallas to enter the final judgment" in bond forfeiture cases. The trial court issued a permanent injunction against the City "from the prosecution of civil bond forfeiture proceedings through the Municipal Courts of the City of Dallas," but included in its order that the City was not thereby prejudiced "to proceed against any bond, whether cash or surety, in a court of competent jurisdiction."

The City appeals from this judgment, assigning in three points of error that the trial court erred in holding that: (1) the municipal courts do not have the power to

forfeit bail bonds; (2) the entry of a final judgment in a bond forfeiture proceeding is not 'incident to' a criminal proceeding; and (3) there is no appeal from a final judgment on bond forfeitures entered by the municipal court. Because we agree with the City that the municipal courts do have the power to forfeit bail bonds, we reverse the judgment of the trial court and render judgment for the City that the permanent injunction be dissolved.

Article 4.14 of the Texas Code of Criminal Procedure defines the jurisdiction of municipal courts in Texas. It provides in part:

> *Art. 4.14. Municipal Court*
>
> All municipal courts ... shall have exclusive original jurisdiction within the corporate limits in *all criminal cases* in which punishment is by fine only and where the maximum of such fine does not exceed $1,000 in all cases arising under the ordinances of such city, ... and shall have concurrent jurisdiction ... *in all criminal cases* arising under the criminal laws of this State, in which punishment is by fine only, and where the maximum of such fine may not exceed $200, and arising within such corporate limits.

TEX.CODE CRIM.PROC.ANN. art. 4.14 (Vernon Supp.1986) (emphasis added). The jurisdiction of municipal courts is similarly restated in section 29.003 of the Government Code.

Chapter 20 of the Texas Code of Criminal Procedure prescribes the procedure for forfeiting bail bonds. It provides that, upon the defendant's failure to appear, a judgment of forfeiture, or judgment nisi, is entered. TEX.CODE CRIM.PROC.ANN. art. 22.01–.02 (Vernon Supp.1986). Upon entry of judgment nisi, a citation is issued to the sureties of the defendant notifying them that the bond has been forfeited and requiring them to appear and show why the judgment should not be made final. TEX.CODE CRIM.PROC.ANN. art. 22.03 (Vernon Supp.1986). The case is then docketed upon the scire facias or civil docket. TEX.CODE CRIM.PROC.ANN. art. 22.10 (Vernon Supp.1986). If, after "trial of the issues presented," no sufficient cause is shown for the failure of the principal to appear, the judgment is made final against him and his surety or sureties for "the amount in which they are respectively bound; and the same shall be collected by execution as in civil actions." TEX.CODE CRIM.PROC.ANN. art. 22.14 (Vernon Supp.1986).

The Texas Court of Criminal Appeals discussed the power of criminal courts to render final judgments in bail bond forfeiture cases many years ago:

> Both the Supreme court and this court hold that the forfeiture of bail bonds in criminal cases is a *mere incident* to the criminal case, and that, while after the rendition of the judgment nisi the proceedings shall be conducted as civil cases, yet that *all such cases are criminal cases and not civil cases,* and the state cannot appeal therefrom.
>
> . . . . .
>
> The construction, therefore, of said constitutional provision (article 5, § 8) by the executive, judicial, and legislative branches of the government has uniformly been that the district court does not have exclusive jurisdiction of the forfeiture of bail bonds in criminal cases, but that the county and justice courts have such jurisdiction where such bonds are given in criminal cases pending therein, regardless of the amount of the bond.

*Willis v. State,* 68 Tex.Crim.R. 292, 293, 150 S.W. 904, 905 (1912) (emphasis added). That the entire bond forfeiture procedure, including entry of final judgment, should be considered criminal in determining the jurisdiction of municipal courts to enter final judgments of forfeiture is further evident from the fact that both the Court of Criminal Appeals and Texas Supreme Court consider the matter as criminal for the purpose of determining the existence or nonexistence of their own jurisdiction. *Glenn v. State,* 155 Tex.Cr.R. 498, 236 S.W.2d 809, 810 (1951); *Jeter v. State,* 86 Tex. 555, 26 S.W. 49 (1894). *See also, Vance v. Routt,* 571 S.W.2d 903, 907 (Tex. Crim.App.1978) (the State may not appeal

from a final bond forfeiture); *Hodges v. State*, 73 Tex.Cr.R. 638, 165 S.W. 607, 612 (1913) ("All the proceedings *and judgments* on the forfeiture of a bail bond constitute a criminal case, ...) (emphasis added). Because the entry of a final judgment of a bond forfeiture is incidental to a criminal case, constituting part of the criminal case, the municipal court possesses jurisdiction to enter final judgment of forfeiture in a case wherein the underlying criminal prosecution was within its jurisdiction. *Jeter*, 86 Tex. at 559, 26 S.W. at 50; TEX.CODE CRIM.PROC.ANN. art. 4.14 (Vernon Supp.1986).

█ Smith refers us to section 27.-031(b)(1) of the Texas Government Code which provides that a justice court does not have jurisdiction in "a suit in behalf of the state to recover a penalty, forfeiture, or escheat." Since justice courts and municipal courts are similar because neither is a court of record, Smith reasons that a municipal court should not have jurisdiction to hear a case and enter a final judgment in a bond forfeiture proceeding. We disagree with Smith's reasoning. While it is true that the State of Texas cannot initiate a civil forfeiture lawsuit in either the justice court, by virtue of section 27.031(b)(1) of the Texas Government Code, or the municipal court, by virtue of the fact that it has only criminal jurisdiction, we do not construe this statute as prohibiting either of those courts from forfeiting bonds relating to criminal proceedings before them.

█ In its third point of error, the City attacks the trial court's conclusion that, if we conclude that the municipal court is authorized to enter final judgments on bond forfeitures, no right to appeal is provided to a surety who loses at the municipal court level. Article 44.42 of the Texas Code of Criminal Procedure provides:

> An appeal may be taken by the defendant from every final judgment rendered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise.

TEX.CODE CRIM.PROC.ANN. art. 44.42 (Vernon 1979). Smith argues that, because the statute provides that only "the defendant" may appeal, the surety or sureties have no right of appeal. We disagree.

Article 22.10 of the Code of Criminal Procedure provides for the docketing of the case "in the name of the State of Texas, as plaintiff, and the principal and his sureties, if any, as defendants." TEX.CODE CRIM. PROC.ANN. art. 22.10 (Vernon Supp.1986). Further, a bail bond is a joint and several obligation of the principal and his sureties and a final judgment binds both the principal and his sureties, if any. *General Bonding & Cas. Ins. Co. v. State*, 73 Tex. Cr.R. 649, 165 S.W.2d 615, 618; *Hodges*, 165 S.W. at 614. Consequently, a surety, as a party aggrieved by the judgment is a "defendant" as that term is used in article 44.42 of the Code of Criminal Procedure, and, therefore, can appeal from a final judgment of forfeiture.

We reverse the judgment of the trial court and render judgment for the City of Dallas that the permanent injunction be dissolved.