INternational v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-178-CR

     INTERNATIONAL FIDELITY 
     INSURANCE COMPANY,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law No. 2
Brazos County, Texas
Trial Court # 00-1216
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      The trial court granted the State’s motion for summary judgment forfeiting an appearance
bond given by Joe Richard Alvarez as principal and International Fidelity Insurance Company as
surety. International Fidelity appealed.
      International Fidelity has now filed a motion to dismiss the appeal. In deciding this motion,
we must first determine whether the dismissal rule for civil or criminal appeals applies to this case.
      Article 44.42 of the Code of Criminal Procedure provides, “An appeal may be taken by the
defendant from every final judgment rendered upon a personal bond, bail bond or bond taken for
the prevention or suppression of offenses, where such judgment is for twenty dollars or more,
exclusive of costs, but not otherwise.” Tex. Code Crim. Proc. Ann. art. 44.42 (Vernon 1979);
see also id. art. 44.43 (Vernon 1979) (permitting appeal by writ of error from bond forfeiture). 
Article 44.44 then provides that an appeal under article 44.42 or 44.43 “shall be regulated by the
same rules that govern civil actions where an appeal is taken or a writ of error sued out.” Id. art.
44.44 (Vernon 1979).
      For more than a century, the Supreme Court of Texas and the Court of Criminal Appeals have
maintained that bond forfeiture appeals are criminal matters, notwithstanding the statutes
mandating that the civil rules apply to them. Jeter v. State, 86 Tex. 555, 556, 26 S.W. 49, 49
(1894); Gay v. State, 20 Tex. 504, 506-07 (1857); State v. Sellers, 790 S.W.2d 316, 321 (Tex.
Crim. App. 1990); Glenn v. State, 155 Tex. Crim. 498, 499, 236 S.W.2d 809, 810 (1951);
accord Kutzner v. State, 75 S.W.3d 427, 429 (Tex. Crim. App. 2002). Nevertheless, this Court
and others have mistakenly docketed such appeals as civil cases. E.g., MacDonald v. State, 105
S.W.3d 749, 749 (Tex. App.—El Paso 2003, pet. ref’d) (docketing bond forfeiture appeal under
cause no. 08-02-245-CV); Hill v. State, 920 S.W.2d 468, 468 (Tex. App.—Waco 1996)
(docketing bond forfeiture appeal under cause no. 10-95-302-CV), rev’d, 955 S.W.2d 96 (Tex.
Crim. App. 1997); see also Tex. R. App. P. 12.2(a)(4) (appellate court clerk must assign “the
designation ‘CV’ for a civil case or ‘CR’ for a criminal case”). Because this appeal is a criminal
matter, the Clerk of this Court has assigned it the “CR” designation.
      Nevertheless, this appeal is governed by the same procedural rules which govern civil appeals. 
Tex. Code Crim. Proc. Ann. art. 44.44; see also Sellers, 790 S.W.2d at 321 (“Article [44.44]
simply prescribes that civil rules shall govern all [bond forfeiture proceedings]. It does not
transform a bond forfeiture proceeding from a criminal into ‘a civil case’ . . . .”). Therefore, we
apply the voluntary dismissal rule for civil appeals in this case.
      Rule of Appellate Procedure 42.1(a)(1) provides:
(a) The appellate court may dispose of an appeal as follows:
(1) On Motion of Appellant. In accordance with a motion of appellant, the court may
dismiss the appeal or affirm the appealed judgment or order unless such disposition
would prevent a party from seeking relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(1).
      International Fidelity’s dismissal motion satisfies the requirements of the appellate rules. The
State has not filed a response. Accordingly, we dismiss the appeal with costs to be taxed against
International Fidelity. See id. 42.1(d).

                                                                   PER CURIAM

Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother (Sitting by Assignment)



Appeal dismissed
Opinion delivered and filed December 17, 2003
Do not publish
[CRPM]