STATE of Texas ex rel. Carol VANCE,
District Attorney of Harris
County, Petitioner,

v.

Honorable Thomas H. ROUTT, Presiding
Judge, 208th District Court of Harris
County, Texas, Respondent.

No. 58929.

Court of Criminal Appeals of Texas,
Panel 2.

Oct. 11, 1978.

Carol S. Vance, Dist. Atty., Michael C. Kuhn and Frank Harmon, Houston, for Vance.

Terry G. Collins, Houston, for Routt.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

This is an original action brought by Carol Vance, District Attorney of Harris County, seeking a writ of mandamus directing the Honorable Thomas H. Routt, Judge of the 208th Judicial District Court of Harris County, to vacate the final forfeiture of an appearance bond entered in Cause No. 25,-288.

■ The record reflects [1] that on February 17, 1975, Paul Clifton Green was charged by indictment with the offense of murder in Cause Number 224302 in the 208th Judicial District Court of Harris County. Green filed a pauper's oath and Terry G. Collins was appointed by the court to represent Green on April 24, 1975. Bond, although originally $20,000.00, was reduced to $10,000.00 on May 5, 1975. On December 13, 1975, Green was released from custody on a bond wherein his attorney Collins was surety.

On January 21, 1976, Green appeared for trial with his appointed counsel. After the selection of the jury, a mistrial was declared. The case again came to trial on August 23, 1976. On September 1, 1976, both sides rested and the court recessed until the next morning. Green failed to appear the next morning and after the bailiff called Green's name at the courthouse door, the court entered a judgment nisi

1. The record before us is meager but there does not appear from the briefs to be any dispute as to the material facts. Since this cause relates to a bond forfeiture proceeding, we are governed by the Rules of Civil Procedure. See Art. 44.44, V.A.C.C.P.; *Smith v. State*, 561 S.W.2d 501 (Tex.Cr.App.1978) (case 1); *Smith v. State*, 561 S.W.2d 501 (Tex.Cr.App.1978) (case 2); *Smith v. State*, 561 S.W.2d 502 (Tex.Cr.App. 1978).

forfeiting the $10,000.00 bond. Green still remains at large.

The trial court on June 5, 1978, rendered a final judgment against Collins as surety and Green as principal jointly and severally in the amount of $6,666.66, rather than the $10,000.00 specified in the bond. The judgment as entered was immediately paid in full.

The petitioner contends that on the basis of the facts recited in the judgment of final forfeiture and under the applicable law the respondent had no authority to enter judgment for any amount other than $10,000.00. Petitioner seeks a writ of mandamus directing the respondent to vacate the judgment entered on June 5, 1978, and enter judgment in the amount of $10,000.00.

Prior to January 1, 1978, the effective date of the recent amendment to Art. 5, Sec. 5, of the Constitution of Texas, only the Supreme Court of Texas had general power to issue writs of mandamus. See Arts. 1733 and 1734, V.A.C.S. See also *Fariss v. Tipps*, 463 S.W.2d 176 (Tex.1971); *Pope v. Ferguson*, 445 S.W.2d 950 (Tex. 1969), cert. denied 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970); *Wilson v. Bowman*, 381 S.W.2d 320 (Tex.1964). The jurisdiction of the Court of Criminal Appeals to issue writs of mandamus was previously limited by Art. 5, Sec. 5, of the Texas Constitution, which provided that this Court and the judges thereof "shall have the power to issue the writ of habeas corpus, and under such regulations as may be prescribed by law, issue such writs [of mandamus] as may be necessary to enforce its own jurisdiction." Under this constitutional provision, this Court could only issue writs of mandamus to enforce its appellate jurisdiction and did not have the power to issue writs of mandamus generally. *Millikin v. Jeffrey*, 117 Tex. 134, 299 S.W. 393 (1927); *Ex parte Boehme*, 158 Tex.Cr.R. 597, 259 S.W.2d 201 (1953); *Ex parte Rubison*, 170 Tex.Cr.R. 314, 340 S.W.2d 815 (1960); *Eaves v. Landis*, 96 Tex.Cr.R. 555, 258 S.W. 1056 (1924); *Bradley v. Miller*, 458 S.W.2d 673 (Tex.Cr.App.1970); *State ex rel. Smith v. Blackwell*, 500 S.W.2d 97 (Tex.Cr.

App.1973); *Ex parte Giles*, 502 S.W.2d 774 (Tex.Cr.App.1974); *Ex parte Norvell*, 528 S.W.2d 129 (Tex.Cr.App.1976); *Bretz v. State*, 508 S.W.2d 97 (Tex.Cr.App.1974); *Walker v. State*, 537 S.W.2d 36 (Tex.Cr. App.1976).

■ Effective January 1, 1978, Art. 5, Sec. 5, of the Constitution was amended to read as follows:

"Subject to such regulations as may be prescribed by law, *regarding criminal matters*, the Court of Criminal Appeals and the judges thereof shall have the power to issue the writs of habeas corpus, *mandamus*, procedendo, prohibition, certiorari, and other such writs as may be necessary to protect its own jurisdiction or enforce its judgments." [Emphasis added.]

The purpose of this amendment was to confer upon this Court additional powers to grant extraordinary writs in cases "regarding criminal matters." *Thomas v. Stevenson*, 561 S.W.2d 845 (Tex.Cr.App.1978).

Prior to the adoption of the amendment, this Court had mandamus and prohibition powers under the Constitution to enforce its own jurisdiction only. This authority was also inherent at common law. *State ex rel. Wilson v. Briggs*, 171 Tex.Cr.R. 479, 351 S.W.2d 892 (1961); *State ex rel. Vance v. Hatten*, 508 S.W.2d 625 (Tex.Cr.App.1974); *Ex parte Norvell*, supra; *Smith v. Blackwell*, supra.

In *Thomas v. Stevenson*, supra, this Court stated with respect to the constitutional amendment:

"We therefore conclude that the additional provisions in the amendment gave this Court authority to issue extraordinary writs, including the power to issue writs of mandamus to compel a speedy trial in a criminal case."

The initial question that must be addressed with respect to petitioner's application is whether this Court has jurisdiction to issue a writ of mandamus to compel a district judge to set aside a final order of forfeiture in a bond case where the petitioner contends that the trial court had no authority to enter such a judgment.

■ Prior decisions of this Court and the Supreme Court leave no doubt that a bond forfeiture proceeding is "criminal in nature." *Glenn v. State*, 155 Tex.Cr.R. 498, 236 S.W.2d 809 (1951); *Gay v. State*, 20 Tex. 504 (1857); *Jeter v. State*, 86 Tex. 555, 26 S.W. 49 (1894); *Aber v. Warden*, 49 Tex. 377 (1878); *Hodges v. State*, 73 Tex.Cr.R. 638, 165 S.W. 607 (1913). This satisfies the requirement of Art. 5, Sec. 5, supra, limiting our jurisdiction to cases "regarding criminal matters."

While the following cases of *State ex rel. Smith v. Blackwell*, infra, and *Pettit v. Thurmond*, infra, predate the recent amendment to Art. 5, Sec. 5, supra, granting the Court of Criminal Appeals general mandamus power, we find them instructive in determining whether the relief prayed for is a proper subject for mandamus.

In the case of *State ex rel. Smith v. Blackwell*, supra, this Court issued a writ of prohibition wherein it held Sec. 4.06 of the Texas Controlled Substances Act, Art. 4476–15, V.A.C.S., unconstitutional because it violated Art. 4, Sec. 11, of the Constitution.[2] Jurisdiction of this Court was invoked under Art. 5, Sec. 5, as it then read because the conviction of the inmate that respondent sought to resentence had been affirmed by this Court. The Court therefore had jurisdiction to issue the writ "to enforce its own jurisdiction."

In *State ex rel. Pettit v. Thurmond*, 516 S.W.2d 119 (Tex.1974), a district attorney sought a writ of mandamus from the Supreme Court of Texas directing a district judge to vacate an order sentencing two defendants under a statute which became effective after their convictions and to impose sentences under the statutes governing their offenses at the time of their trial. Citing *State ex rel. Smith v. Blackwell*, supra, the Supreme Court held the district judge "had no discretion" but to assess punishment under the effective law at the time of conviction. The relief sought was granted.

■ Bond forfeitures are governed by Chapter 22 of the Code of Criminal Procedure. Article 22.16, V.A.C.C.P., provides:

"If, before final judgment is entered against the bail, the principal appears or is arrested and lodged in jail of the proper county, the court may at its discretion, remit the whole or part of the sum specified in the bond."

This provision of the Code of Criminal Procedure authorizes a remittitur at the discretion of the trial judge only if the principal has appeared or has been arrested and lodged in jail before the final judgment is entered. The judgment entered by the respondent recites that:

"The principal, Paul C. Green, remains at large, has not been arrested or lodged in jail, and continues to fail to appear in court . . . . "

Article 22.13, V.A.C.C.P., provides:

"The following causes, and no other, will exonerate the defendant and his sureties, if any, from liability upon the forfeiture taken:

1. That the bond is, for any cause, not a valid and binding undertaking in law. If it be valid and binding as to the principal, and one or more of his sureties, if any, they shall not be exonerated from liability because of its being invalid and not binding as to another surety or sureties, if any. If it be invalid and not binding as to the principal, each of the sureties, if any, shall be exonerated from liability. If it be valid and binding as to the principal, but not so as to the sureties, if any, the principal shall not be exonerated, but the sureties, if any, shall be.

2. The death of the principal before the forfeiture was taken.

3. The sickness of the principal or some uncontrollable circumstance which prevented his appearance at court, and it must, in every such case, be shown that his failure to appear

---

2. Marihuana resentencing provision held to violate separation of powers as it invaded Governor's clemency powers.

arose from no fault on his part. The causes mentioned in this subdivision shall not be deemed sufficient to exonerate the principal and his sureties, if any, unless such principal appear before final judgment on the bond to answer the accusation against him, or show sufficient cause for not so appearing.

4. Failure to present an indictment or information at the first term of the court which may be held after the principal has been admitted to bail, in case where the party was bound over before indictment or information, and the prosecution has not been continued by order of the court."

The trial court's judgment in the instant case expressly notes the absence of causes "1," "2" and "3." From the record before us, it can also be determined that the bond was made after indictment; therefore cause "4" in this article likewise does not apply. It is thus clear that the respondent had no authority under these statutes to remit or exonerate any portion of the bond in question.

■■■■■ Mandamus is only available where no other adequate remedy at law is available.

Article 44.42, V.A.C.C.P., provides in pertinent part:

"An appeal may be taken by the *defendant* from every final judgment rendered upon a personal bond, bail bond, or bond taken for the prevention or suppression of offenses, . . . " [Emphasis added.]

Article 44.43, V.A.C.C.P., likewise provides:

"The *defendant* may also have any such judgment as is mentioned in the preceding article, and which may have been rendered in courts other than the justice or corporation courts, reviewed upon writ of error." [Emphasis added.]

It is clear from these provisions that only the defendant has the right of appeal or review by writ of error from a final bond forfeiture. Art. 5, Sec. 26, of the Texas Constitution and Art. 44.01, V.A.C.C.P., expressly provide that the State may not appeal in criminal actions. The decisions of this Court and the Supreme Court make it clear that bond forfeiture proceedings are "criminal in nature." *Glenn v. State*, supra; *Gay v. State*, supra; *Jeter v. State*, supra. There is also authority for the proposition that the State may not move for a new trial after the final bond forfeiture and that such an attempt is a nullity. *Perry v. State*, 14 Tex.App. 166 (1883); *Robertson v. State*, 14 Tex.App. 211 (1883). It is clear from these authorities that the State has no other adequate remedy to challenge the actions of the trial court.

■■■■■ Mandamus will not issue to compel a discretionary as distinguished from a ministerial act. The writ may issue in some instances to compel the entry of a judgment, but it will not be issued to compel the entry of a specified type of judgment. See 37 Tex.Jur.2d, Mandamus, Secs. 47 and 48. There is, however, an exception to this general rule. A Court ". . . may be directed by mandamus to enter a particular judgment if that judgment is the only proper one that can be rendered in the circumstances and there is no other adequate remedy." 37 Tex.Jur.2d, Mandamus, Sec. 48; *Thomason v. Seale*, 122 Tex. 160, 53 S.W.2d 764; *Carnes v. Cunningham*, Tex. Civ.App., 350 S.W.2d 59.

■■■■■ For the petitioner to prevail in this application for writ of mandamus he must demonstrate both that there was only one proper judgment that could be entered and that the entry of the judgment based upon the facts found by the court was in essence a mere ministerial act. See e. g., *State ex rel. Pettit v. Thurmond*, supra.

Article 22.02, V.A.C.C.P., provides:

" . . . judgment shall be entered that the State of Texas recover of the defendant the amount of money in which he is bound and of the sureties, if any,

the amount of money in which they are respectively bound, . . . "

This provision mandates the entry of judgment in the full amount of the bond except where exoneration is proper under Art. 22.-13, supra, or remittitur is discretionary under Art. 22.16, supra. On the basis of the facts and the applicable law, the entry of judgment in this case was strictly ministerial in nature. There was only one judgment authorized to be entered. Under these circumstances, mandamus is available to correct the respondent's failure to follow the dictates of the foregoing statutes. Respondent had no discretion but to enter judgment against Green and Collins for the full face amount of the bond.

A writ of mandamus will issue directing the respondent to vacate the judgment heretofore entered on June 5, 1978, under Cause Number 25,288, and to enter judgment for the full amount of the bond and costs in accordance with this opinion.

It is so ordered.