**Gary Robertson HAZEN**

v.

**Hon. Perry D. PICKETT, Judge.**

**No. 60758.**

Court of Criminal Appeals of Texas, En Banc.

June 6, 1979.

Carl Steckelberg, Midland, for appellant.

Vern F. Martin, Dist. Atty. and Timothy Ann Sloan, Asst. Dist. Atty., Midland, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

This is an original proceeding in which the petitioner asks this Court to issue a writ of mandamus ordering the Hon. Perry D. Pickett, Judge of the 142nd District Court of Midland County to dismiss the indictment in Cause No. 6527 which is now pending against the petitioner in the 142nd District Court. The petitioner seeks his discharge and to have the prosecution against him for aggravated assault forever barred under the provisions of the Speedy Trial Act. Art. 32A.02, V.A.C.C.P.

We recently allowed the filing of a petition for writ of mandamus in *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr.App.1979) and our holding in that case is controlling in this instance. In *Ordunez v. Bean*, supra, the petitioner sought to have an indictment which was pending against him set aside; he alleged the State had failed to comply with the requirements of the Speedy Trial Act. Chapter 32A, V.A.C.C.P. In that case we held that Ordunez had not met either part of the traditional two-step test, the proof of which is necessary to obtain relief by writ of mandamus. See *State ex rel. Vance v. Routt*, 571 S.W.2d 903 (Tex.Cr. App.1978).

One of the steps is to demonstrate that no other adequate remedy at law is available. In *Ordunez* it was said appeal is available to the petitioner in the event of his conviction to test any asserted denial of his right to a speedy trial either in violation of statutory or constitutional rights.

We also pointed out in *Ordunez* that the Supreme Court of the United States has held in *United States v. McDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978) that a defendant may not take an interlocutory appeal from the federal district court's pretrial order denying a motion to dismiss because of an alleged violation of his right to a speedy trial. The Supreme Court in *McDonald* stated:

"Allowing an exception to the rule against pretrial appeals in criminal cases for speedy trial claims would threaten precisely the values manifested in the Speedy Trial Clause."

We now hold that since the petitioner has an adequate remedy by appeal if he is convicted he has not demonstrated that he is entitled to relief by writ of mandamus; the relief sought is denied.

PHILLIPS, J., dissents for the reasons set out in his concurring and dissenting opinion in *Ordunez v. Bean*, supra.

CLINTON, Judge, concurring.

Given my construction of the so-called Texas Speedy Trial Act, *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr.App.1979), petitioner is not entitled to relief by writ of mandamus for the simple reason that the State

announced ready for trial at the first opportunity presented before expiration of 120 days of commencement of this felony criminal action. Specifically, at a docket call on October 25, 1978 the State announced ready for trial. The effective date of the Act is July 1, 1978, and it is on that date that time limits prescribed by Article 32A.02, V.A.C.C.P., began to run, *Wade v. State*, 572 S.W.2d 533 (Tex.Cr.App.1978). October 25 is less than 120 days from July 1 and from the announcement of the State that it was ready for trial, without more, the State must be considered in fact ready for trial.[1] As I view it, that is all the Speedy Trial Act requires.

Accordingly, I concur in denial of relief sought.

ROBERTS, J., concurs.

---

1. The announcement of ready was not contemporaneously challenged by appellant so the trial court was not called on to determine whether in fact the State was ready to go to trial. See my concurring opinion in *Ordunez v. Bean*, supra, n. 10.