**The STATE of Texas, Relator,**

v.

**Hon. O'Neal BACON, Judge First District Court, Sabine County, Texas, Respondent.**

**No. 12–88–00120–CR.**

Court of Appeals of Texas, Tyler.

June 2, 1988.

John Hannah, Jr., Special Prosecutor, Tyler, for relator.

John H. Seale, Seale, Stover, Coffield & Gatlin, Floyd Addington, Jasper, Paul Buchanan, Beaumont, for respondent.

COLLEY, Justice.

On May 11, 1988, John H. Hannah, Jr., acting on behalf of the State of Texas as the duly appointed Special Prosecutor for the First Judicial District of Texas, filed a motion for leave to file a petition for writ of mandamus. This court granted the motion for leave to file pursuant to Tex.R. App.P. 121(d) and, on proper application of Relator, stayed further proceedings by the Honorable O'Neal Bacon, Judge of the First Judicial District Court of Sabine County, Respondent, in trial court criminal cause numbers 5043, 5044, and 5045, styled The State of Texas v. Thomas Ladner, the State of Texas v. James Hyden, and The State of Texas v. Bill Horton, respectively, which causes are pending on the docket of the Sabine County District Court. This court on the same day set the cause for submission with oral argument at 1:30 p.m. on Tuesday, May 24, 1988. The defendants in the criminal cases are the real parties in interest. Two of the defendants, Ladner and Horton, filed briefs in opposition to the petition and submitted oral arguments in the cause. Judge Bacon made no response to the petition.

The following facts and circumstances gave rise to these proceedings. On January 5, 1988, Ladner, Chief of Police of the city of Hemphill, and Hyden and Horton, Sabine County Deputy Sheriffs, were separately indicted by a Grand Jury of Sabine County for violation of the civil rights [1] of Loyal Garner, Jr., while Garner, a black adult male, was a prisoner in the Sabine County Jail. The indictments are identical, and charge each defendant with physical abuse of Garner and denying him "necessary medical attention," thereby causing Garner's death both from physical beatings by the defendants and by their conduct in denying him medical aid. The conduct of the defendants is alleged to have occurred on Christmas Day 1987.

---

**1.** Pursuant to Tex.Penal Code Ann. § 39.021  (Vernon Supp.1988).

Judge Bacon set all three cases for trial, scheduled to begin on May 16, 1988. According to the undisputed evidence, Johnny Maxie was an eyewitness to the alleged beatings of Garner. On March 3, 1988, Maxie was severely injured in an automobile accident and was hospitalized until April 29, 1988.

On May 10, 1988, Relator filed its "Amended First Motion for Continuance." The motion was verified, and contained the following allegations: that the witness Maxie was physically unable to testify in court on May 16, 1988; that he was one of two eyewitnesses (other than the defendants) to the alleged beatings; that he was therefore a material witness for the State; and that the witness could not be procured by any amount of diligence on the State's part. Attached to the motion was a copy of a letter from David A. Cavanaugh, M.D., a neurological surgeon, dated April 29, 1988, stating that Maxie was unable "to testify in a trial at this time." Dr. Cavanaugh also stated in the letter "that under no circumstances would [Maxie] be able to undergo extensive questioning." Cavanaugh related that further medical evaluation of Maxie's condition was necessary to determine when Maxie would be able to appear and testify in court.

Judge Bacon conducted an evidentiary hearing on May 10, 1988, for the purpose of considering the State's motion for continuance. At that hearing it was established that Johnny Maxie's brother, Alton Maxie, was also an eyewitness to the events of December 25, 1987, in the Sabine County Jail, and that he witnessed the same events, as well as the same conduct of the parties involved, as did Johnny Maxie. At the close of the evidence, Judge Bacon denied the State's motion for continuance without assigning any reasons for his decision.

The Relator seeks mandamus to compel Judge Bacon to continue the trial of the criminal cases until Johnny Maxie is well enough to testify for the State. In support of its petition, the Relator claims that Judge Bacon's denial of the motion for continuance constituted a clear abuse of discretion, and that the State has no other adequate remedy at law against the ruling.

Ladner and Horton contend that Judge Bacon's action in denying the motion was discretionary rather than ministerial in character for which mandamus does not lie, citing *State ex. rel Vance v. Routt,* 571 S.W.2d 903 (Tex.Cr.App.1978); *Ordunez v. Bean,* 579 S.W.2d 911 (Tex.Cr.App.1979); and *State ex. rel Curry v. Gray,* 726 S.W.2d 125 (Tex.Cr.App.1987). Further they argue that *Dickens v. The Second Court of Appeals,* 727 S.W.2d 542 (Tex.Cr.App. 1987), contrary to Relator's contention, did not adopt the "clear abuse of discretion" standard for general application to the principles of law governing the issuance of writs of mandamus, but only for the purpose of *"reviewing the mandamus actions of the courts of appeals."* In further support of their position, Ladner and Horton state that the Court of Criminal Appeals' post-*Dickens'* decision in *State ex. rel Cobb v. Godfrey,* 739 S.W.2d 47, 48 (Tex.Cr.App. 1987), indicates that before a writ of mandamus may issue, "[a] Relator must establish (1) that no other adequate remedy at law is available, and (2) that the act [the Relator] seeks to compel is ministerial, not discretionary."

Our initial focus in consideration of the petition is on the provisions of Tex.Code Crim.Proc.Ann. art. 29.04 (Vernon 1966). That article reads:

It shall be sufficient, upon the first motion by the State for a continuance, if the same be for the want of a witness, to state:

1. The name of the witness and his residence, if known, or that his residence is unknown;

2. The diligence which has been used to procure his attendance; and it shall not be considered sufficient diligence to have caused to be issued, or to have applied for, a subpoena, in cases where the law authorized an attachment to issue; and

3. That the testimony of the witness is believed by the applicant to be material for the State.

In *Routt,* before it exercised its newly acquired mandamus jurisdiction, the court wrote: "[M]andamus is only available where no other adequate remedy at law is available" and "mandamus will not issue to compel a *discretionary* as distinguished from a *ministerial* act." *Id.* at 907. (Emphasis ours.) In determining that the act sought to be compelled in *Routt* was ministerial, the court reasoned, "On the basis of the facts and the applicable law, the entry of the judgment in this case was strictly ministerial in nature. There was only one judgment authorized to be entered." *Id.* at 908.

■ In *Dickens,* the court, citing *Routt,* stated, "To obtain relief through writ of mandamus, a relator must establish that 1) no other adequate remedy at law is available and 2) that the act he seeks to compel is ministerial, rather than discretionary, in nature." *Dickens,* 727 S.W.2d at 548 (citation omitted). The court in *Dickens* quoted from *Callahan v. Giles,* 137 Tex. 571, 155 S.W.2d 793, 795 (1941), as follows: "Mandamus is an extraordinary writ, and is not issued as a matter of right, but rests largely in the sound discretion of the court." The *Dickens* court made it clear that when reviewing "mandamus actions" of the courts of appeals, it will utilize "the clear abuse of discretion standard" previously adopted in *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105, 107 (Tex.1985).[2]

As we read *Dickens,* neither the Court of Criminal Appeals nor the Courts of Appeals may issue a writ of mandamus in criminal law matters unless the Relator's petition and proof, as well as the law applicable thereto, meet the "traditional two-part test." *Dickens,* 727 S.W.2d at 550 (citation omitted). *See also State ex. rel Cobb v. Godfrey,* 739 S.W.2d at 47; *Perkins v. Third Court of Appeals,* 738 S.W.2d 276 (Tex.Cr.App.1987); and *Smith v. Flack,* 728 S.W.2d 784 (Tex.Cr.App.1987). In *Smith,* the court stated that "an act is 'ministerial' if it constitutes a duty clearly

fixed and required by law. It must be 'accomplished without the exercise of discretion or judgment.'" *Smith,* 728 S.W.2d at 789 (citations omitted). Here, the act to be compelled is the issuance of an order by the trial court granting Relator's first motion for continuance, thus postponing the trial of the cases, "until the witness, Johnny Maxie, is able to safely attend and testify at trial."

No case authority has addressed the factual circumstances present here, that is, where the State's first motion for continuance was denied and the State thereafter sought mandamus relief against the trial court. There are several decisions reviewing a trial court's denial of a defendant's first motion for continuance. The rule seems to be that if a first motion is based on a nonstatutory (equitable) ground, the determination of such motion is addressed to the discretion of the trial court. *Henson v. State,* 452 S.W.2d 448, 449 (Tex.Cr.App. 1970); *cf., Kincheloe v. State,* 146 Tex. Crim.R. 414, 175 S.W.2d 593, 595 (1943). However, where no diligence issue is involved, and the motion meets the statutory requirements and is based on the absence of a material witness, the trial judge has a duty to grant the motion. *Streets v. State,* 148 Tex.Crim.R. 517, 188 S.W.2d 582 (1945).

■ Under the facts before us here, the State conclusively established that Johnny Maxie is a material witness for the State in all three cases, and that because of recent injuries he was unable to appear and testify at the trial of the defendants on May 16, 1988. Under the plain wording of article 29.04, the only conceivable discretionary decision for the trial court is a determination of the State's diligence in securing the attendance of the missing witness. In this case, there is absolutely no issue of diligence. It is undisputed that Maxie's injuries rendered him incapable of appearing as a witness. The Special Prosecutor himself testified at the hearing on the motion for continuance that he knew where

---

**2.** Actually the standard was derived from the Texas Supreme Court's decision in *Jampole v. Touchy,* 673 S.W.2d 569 (Tex.1984), which involved an original mandamus proceeding by a litigant against a *trial court* and, is in fact the same standard applicable in the courts of appeals in civil mandamus proceedings.

Johnny Maxie lived and had seen him the night before the hearing and that in his opinion Maxie was incapable of appearing as a witness. The affidavit of Dr. David A. Cavanaugh dated April 29, 1988, was introduced into evidence in support of the motion for continuance.

We conclude that under the facts before us, there was no discretionary judicial determination attendant to a ruling on the motion for continuance. There was no conflicting evidence requiring "legal resolution." In our view Judge Bacon had a clear and unequivocal duty, ministerial in nature, to grant the continuance.

At the time we issued our order on May 11, 1988, we had tentatively decided that Relator was entitled to relief under its petition, thus we stayed further proceedings in the underlying criminal cases. The stay effectively operated as a postponement of the trial scheduled for May 16, 1988. Nevertheless, since the real parties in interest were entitled to file briefs and make oral arguments on the merits of the petition and did not request an earlier hearing, we scheduled the submission of the cause on May 24, 1988, so that the parties would have a meaningful opportunity to present their positions.

As the real parties in interest noted in their oral arguments, the Relator received, as authorized by Tex.R.App.P. 121(d), "temporary relief ... without notice [to them]," that is, postponement of the May 16, 1988, setting. Under this record Relator was entitled to that relief. But for the lapse of time, we would be authorized to grant the writ compelling Judge Bacon to vacate his order of May 10, 1988, denying the State's first motion for continuance in this case, and to grant the motion, at least in respect to the May 16 trial settings. However, in our view, Relator's prayer that we grant a writ directing Judge Bacon "to grant a continuance until such time as Johnny Maxie is released by his physician as being well enough to testify at trial," asks for mandamus relief beyond our authority to grant.

We hold that Respondent was under a clear legal duty to continue and postpone the three criminal cases from their trial setting on May 16, 1988. We further hold that Respondent, being without discretion to do otherwise, failed to carry out his ministerial duty to continue the cases from their May 16 trial setting. We deny any further relief, and effective this date lift our order of May 11, 1988, staying further proceedings in the three cases.