The STATE of Texas, Appellant,

v.

Wesley O. SELLERS, et al., Appellees.

Nos. C14–88–399–CR, A14–88–400–CR and B14–88–401–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 26, 1989.

---

Don J. Clemmer, Houston, for appellant.

Stanley G. Schneider, W. Troy McKinney, Houston, for appellees.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal by the State of Texas from a take-nothing judgment in a bond forfeiture case.

On January 14, 1985, the defendant-principal, Wesley O. Sellers, and surety, James Upshaw, executed appearance bonds in cause numbers 364737, 411560 and 144485 in favor of the State of Texas in the amounts of $50,000.00, $40,000.00 and $50,-000.00 respectively. Each appearance bond was filed with the district court clerk on January 16, 1985. On July 7, 1986, Mr. Sellers failed to appear in court as required and on July 9, 1986, the trial court granted judgments nisi forfeiting the full amount of each bond. Mr. Sellers was never returned to custody in Harris County, Texas and was killed during a gun battle with police in Tempe, Arizona on November 21, 1986.

The trial court, on September 17, 1987, granted Mr. Sellers' attorney's motion to dismiss the criminal charges that were the basis of the three appearance bonds. Appellee moved to set aside the bond forfeiture pursuant to TEX.REV.CIV.STAT.ANN. art. 2372p–3, § 13(c) on March 15, 1988. The trial court overruled the State's objections to the motion and ordered that Appellee Upshaw be absolved of all liability on the bonds pursuant to Article 2372p–3, § 13(c) and that he "be released from liability upon payment of court costs and prejudgment interest pursuant to Article 22.16 as amended." The court then granted the State recovery of the full amount of each bond plus costs from Mr. Sellers. Final judgments in each case were signed April 11, 1988. The State of Texas has appealed these judgments pursuant to TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp. 1989).

Appellee Upshaw has filed a Motion to Dismiss for Lack of Jurisdiction asserting that this appeal does not fall within any of the provisions of Article 44.01, and therefore, this court does not have jurisdiction to consider the State's appeal. We agree.

█ It is well established that bond forfeiture proceedings are criminal actions. *Williams v. State,* 707 S.W.2d 40, 42 (Tex. Crim.App.1986); *State ex rel. Vance v. Routt,* 571 S.W.2d 903, 907 (Tex.Crim.App. 1978). Prior to the 1987 amendment of Article V, Section 26 of the Texas Constitu-

tion, and Article 44.01 of the Code of Criminal Procedure, the State had no right to appeal in criminal actions. Article V, Section 26 now provides that, "The State is entitled to appeal in criminal cases as authorized by general law." Tex.Const. art V, § 26. Article 44.01 currently provides in pertinent part:

> (a) The state is entitled to appeal an order of a court in a criminal case if the order:
>
>  . . . .
>
> (2) arrests or modifies a judgment;

Tex.Code Crim.Proc.Ann. art. 44.01 (Vernon Supp.1989). The State urges that the final judgments entered in these bond forfeiture proceedings *modified* the previously granted judgments nisi, and therefore, the State is entitled to appeal from these final judgments. We do not agree.

 The right of appeal in a bail bond forfeiture case is governed by Article 44.-42, as follows:

> An appeal may be taken by the *defendant* from every final judgment rendered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise. (Emphasis added.)

Tex.Code Crim.Proc.Ann. art. 44.42 (Vernon 1979). This provision specifically addresses the appealability of a final judgment in a bond forfeiture case and has been interpreted as giving *only* the defendant the right of appeal from a final judgment in a bond forfeiture proceeding. *State ex rel. Vance v. Routt*, 571 S.W.2d at 907. We note that Article 44.42 was not repealed or altered by the 1987 amendments to the Code of Criminal Procedure.

Article 44.01 gives the State a limited right of appeal in certain specific instances. Bond forfeiture proceedings are not specifically mentioned in the provision and the language employed in Article 44.01 does not evidence any legislative intent to change the effect of Article 44.42. Therefore, we conclude that pursuant to Article 44.42 only the defendant has the right of appeal in a bond forfeiture proceeding.

Further, a judgment nisi entered on a bail bond is not a final judgment but rather is in the nature of an interlocutory judgment. *Hokr v. State*, 545 S.W.2d 463, 465 (Tex.Crim.App.1977); *Hernden v. State*, 505 S.W.2d 546, 547 (Tex.Crim.App. 1974); *Jackson v. State*, 422 S.W.2d 448 (Tex.Crim.App.1968). As such, a judgment nisi alone has no binding effect. A judgment nisi will be made final if, after trial of the issues, no sufficient cause is shown why the principal failed to appear. Tex. Code Crim.Proc.Ann. art. 22.14 (Vernon 1966); *Hokr v. State*, 545 S.W.2d at 465. We construe the language of Article 44.-01(a)(2) to mean that the State may appeal an order which modifies a *final*, otherwise enforceable, judgment. This Court has never had the power to entertain an appeal from an interlocutory judgment except where specifically authorized by law.

We hold that the State does not have the right to appeal from these judgments under Article 44.01, and that only a defendant can appeal a final judgment rendered on a bail bond forfeiture. Therefore, this court lacks jurisdiction over the appeal.

Accordingly, the appeal is dismissed for lack of jurisdiction.