ACCEPTED
06-15-00090-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/2/2015 10:12:01 AM
DEBBIE AUTREY
CLERK

# IN THE COURT OF APPEALS FOR THE
# SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

6/2/2015 10:12:01 AM

DEBBIE AUTREY
Clerk

*In re*
**MARK EUGENE ENGLE**

§
§
§
§
§
§
§
§
§

**Nos. 06-15-00090-CR**

---

## STATE'S RESPONSE TO APPELLANT'S REQUEST FOR MANDAMUS

---

FROM THE 354TH JUDICIAL DISTRICT COURT
HUNT COUNTY, TEXAS

TRIAL CAUSE NUMBER 29,110
THE HONORABLE RICHARD A. BEASOM, JUDGE PRESIDING

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas

**KELI M. AIKEN**
First Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
kaiken@huntcounty.net
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24043442

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i

INDEX OF AUTHORITIES ........................................................................ ii

SUMMARY OF THE STATE'S ARGUMENTS ................................. 2–4

STATE'S RESPONSE TO APPELLANT'S POINT OF ERROR ..................... 5–18
    The trial court is not required to rule on motions filed once the trial
    court looses jurisdiction.

PRAYER AND CERTIFICATES .............................................................. 23–74

# INDEX OF AUTHORITIES

Cases

*State ex. rel Vance v. Routt*, 571 S.W.2d 903 (Tex. Crim. App. 1978)..................... 5


Rules

Tx. C. Crim. Proc., Art. 11.07 (Vernon 2015)................................................ 2–3, 5

Tx. R. App. Proc., R. 21.8 (Vernon 2015). ........................................................... 2

Tx. R. App. Proc., R. 34.5(c) (Vernon 2015). ....................................................... 4

## IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

|  | § |  |
|---|---|---|
|  | § |  |
|  | § |  |
| *In re* | § | **Nos. 06-15-00090-CR** |
| **MARK EUGENE ENGLE** | § |  |
|  | § |  |
|  | § |  |
|  | § |  |
|  | § |  |

---

## STATE'S RESPONSE TO APPELLANT'S REQUEST FOR MANDAMUS

---

TO THE HONORABLE COURT OF APPEALS:

NOW COMES the State of Texas, Appellee, in this appeal from Cause No. 29,110 in the 354th Judicial District Court in and for Hunt County, Texas, Honorable Richard A. Beacom, Presiding, now before the Sixth District Court of Appeals, and respectfully submits this its brief to the Court requesting that Appellant's Writ of Mandamus be denied.

1

## SUMMARY OF THE STATE'S ARGUMENTS

Appellant is asking this Court to order the trial court to make rulings on a case where it no longer has jurisdiction. The trial court's jurisdiction ended on December 15, 2014, seventy-five days after Appellant was sentenced by the jury in a punishment only trial. TX. R. APP. PROC., R. 21.8 (Vernon 2015). All of the motions Appellant complains about were filed after the trial court's jurisdiction expired.

Furthermore, Appellant does have an adequate remedy at law to have each of these motions addressed. Appellant has counsel appointed on appeal, Mr. Jason Duff who is due to file Appellant's brief on June 1, 2015 in Cause No. 06-14-00239-CR. Appellant has the ability to request return of any items not submitted as evidence during the jury trial by following the procedures for a property hearing with the seizing agency. Finally, Appellant also has the ability to challenge his conviction in a post-conviction writ of habeas corpus pursuant to TEX. C. CRIM. PRO., ART. 11.07 (Vernon 2015).

As the trial court was not required to rule on motions filed outside its jurisdiction, Appellant has other appropriate remedies at law for the issues raised, and Appellant cannot meet the substantive requirements to seek a writ of mandamus, his request should be DENIED.

2

## STATE'S RESPONSE TO APPELLANT'S POINT OF ERROR

**The trial court is not required to make rulings on motions filed after the trial court's jurisdiction expires.**

### Argument and Authorities

In order to prevail in a request for writ of mandamus an appellant must show that: 1) no other adequate remedy at law is available; and 2) the act appellant seeks to compel is ministerial in nature. *State ex. rel. Vance v. Routt*, 571 S.W.2d 903, 907–908 (Tex. Crim. App. 1978).

### A.  The motions Appellant filed were all submitted after the trial court's jurisdiction expired.

The trial court's jurisdiction ended on December 15, 2014, seventy-five days after Appellant was sentenced by the jury in a punishment only trial. TX. R. APP. PROC., R. 21.8 (Vernon 2015). All of the motions Appellant complains about were filed after the trial court's jurisdiction expired. Appellant is asking this Court to order the trial court to make rulings on a case where it no longer has jurisdiction.

Specifically, Appellant filed a letter to the Hunt County District Clerk asking her to send him a copy of the District Clerk's record and Grand jury minutes on December 22, 2014. This letter was filed seven days after the trial court's jurisdiction expired and it was not a motion filed with the Court but rather a letter to the clerk. Furthermore, Appellant has already attempted a writ of mandamus

against the Hunt County District Clerk for failure to provide these materials and this Court denied the motion on April 14, 2015 in Cause No. 06-15-00055-CR.

Three other motions were filed with the trial court in February, March and April of 2015 and all after the trial court's jurisdiction expired.

**B. Appellant does have another adequate remedy at law for each of the issues presented in the untimely motions.**

Furthermore, Appellant does have an adequate remedy at law to have each of these motions addressed. Appellant has counsel appointed on appeal, Mr. Jason Duff. Mr. Duff is working to file the appeal in this case with a brief due on June 1, 2015 in Cause No. 06-14-00239-CR. The motions Appellant filed asked for specific items to be included in the District Clerk's record. If appellate counsel finds it necessary for these items to be included in the clerk's record, or finds the record in any way deficient, his remedy is to send a letter to the trial court clerk to prepare and file a supplemental clerk's record. TX. R. APP. PROC., R. 34.5(c) (Vernon 2015).

Appellant does have an adequate remedy at law for the request to return specific items seized in his motion filed February 11, 2015. Any items not submitted as evidence at trial were retained by the seizing agency, Greenville Police Department. A defendant who requests return of property that has not been admitted as evidence must either request those items be returned by the district court within its timeframe where it retains jurisdiction over the case, otherwise

4

they may request return of the items through a property hearing held according to Greenville Police Department procedures. When items are seized the defendant receives a notice of seizure and a property receipt from the seizing agency.

Appellant also has a pending appeal and can raise or attack the trial court's ruling on the motion to suppress in his appeal. Therefore, any issues Appellant attempted to address in the Motion to Dismiss with Prejudice for Invalid Search Warrant should be raised in the court with proper jurisdiction- the appellate court.

Finally, Appellant also has the ability to raise this issue on a writ of habeas corpus. TEX. C. CRIM. PRO. ART. 11.07 (Vernon 2015).

As the trial court was not required to rule on motions filed outside its jurisdiction, Appellant has other appropriate remedies at law for the issues raised, and Appellant can not meet the substantive requirements to seek a writ of mandamus, his request should be DENIED.

## PRAYER

The State prays that the Court will deny Appellant's request for writ of mandamus.

Respectfully submitted,

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas


**/s/ Keli M. Aiken**
**KELI M. AIKEN**
Assistant District Attorney
P. O. Box 441
4th Floor, Hunt County Courthouse
Greenville, TX 75403
State Bar No. 240434482
(903) 408-4180
FAX (903) 408-4296

6

## CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellants Brief contains 14-point typeface of the body of the brief and contains 866 words, and was prepared on Microsoft Word 2013.

__/s/ Keli M. Aiken_____
KELI M. AIKEN
First Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24043442

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been provided to Mr. Jason Duff, Appellant's counsel on appeal by placing a copy in his box in the Hunt County District Clerk's Office, today June 1, 2015, pursuant to local rules.

__/s/ Keli M. Aiken_____
KELI M. AIKEN
First Assistant District Attorney